[No. 2,408.]

## JOHN R. PRICE v. JOSIAH STURGIS AND J. FRANKLIN WILLIAMS.

RATIFICATION OF CONTRACT.—If one party sells to two others a tract of land, and a sum of money is paid down, and the negotiation on the part of the grantees is conducted principally by one of them, and he, when the money is paid and the deed delivered, agrees to pay the grantor a further sum out of the first money received from the sale of the land, and a contract between the three is drawn up to that effect, but is signed only by the grantor and the grantee who makes it, and the other grantee is ignorant of it, he is not bound by it, and the fact that he received the deed and entered into possession of the land and afterwards sold it, does not amount on his part to a ratification of it.

CONTRACT NOT WITHIN THE STATUTE OF FRAUDS.—A verbal agreement made by a grantee when he buys land and receives a deed therefor, to pay the grantor a further sum of money as a part of the price, out of the proceeds of the sale of the land when he sells it, is valid, and the Statute of Frauds does not require it to be in writing.

IDEM.—Such contract is not for the conveyance of land, but for the payment of a certain sum of money upon the happening of a certain event.

NEW TRIAL.—A new trial will not be granted on the ground of the insufficiency of the evidence to justify the judgment, if there is a substantial conflict in the evidence.

APPEAL from the District Court of the Fifteenth Judicial District, Contra Costa County.

The land sold was an undivided one fourth of a tract of fifty-two acres. At the time of the sale eight hundred and thirty dollars was paid to the plaintiff, and the following is the written memorandum of agreement referred to in the opinion of the Court:

"Memorandum of agreement made and entered into this 15th day of December, A. D. 1858, between J. Franklin Williams and Josiah Sturgis of the first part, and John A. Price and Mistress Mary E. Price of the second part, witnesseth:

" Whereas, on the date of these presents the said parties of the second part, for and in consideration of eight hun-

dred and thirty dollars to them cash in hand paid, and eleven hundred and twenty dollars to be paid to them, dependent on the consideration hereinafter set forth (and not to be demanded otherwise), have relinquished, and do relinquish to said parties of the first part, their interest to one undivided fourth part of fifty-two acres of land adjoining the Town of Vallejo, and for which William F. Peabody has this day executed a deed to said parties of the first part.

" It is agreed by said parties of the first part that they will, out of the first moneys realized out of the sale of said property, pay unto said parties of the second part the said sum of eleven hundred and twenty dollars, if any sale be made or moneys realized, and not otherwise; and said Williams and Sturgis, parties of the first part, agree to manage said property according to the best of their ability, and to make sale thereof whenever the same can be fitly, properly, and advantageously made.

" In witness whereof, we have hereunto set our hands the day and year first above written.

"J. FRANKLIN WILLIAMS.
"JOHN R. PRICE.

" In presence of W. F. PEABODY."

The Court below gave judgment for the defendants, and the plaintiff appealed.

The other facts are stated in the opinion.

*James B. Townsend,* for Appellant.

Upon no principle of fair inference from the testimony can the defendant Sturgis escape the same judgment that ought unquestionably to be rendered against defendant Williams. They were joint purchasers, and the negotiation and closing of the contract was left by said Sturgis almost, if not entirely, to the defendant Williams, acting both for himself and as agent for said Sturgis.

The defendant Sturgis having, by his acceptance of the deed of said land, and since selling and conveying it as his property, affirmed the contract, even though not made by himself, but negotiated and completed by the defendant Williams as his agent, cannot now disaffirm it as to the payment of the balance of the purchase money. ( *Wilson* v. *Poulter,* 2 Strange, 857; Adams on Contracts, p. 398; *Lawrence* v. *Taylor,* 5 Hill, 107; *Abell* v. *Douglass,* 4 Denio, 305.)

The signing by defendant Sturgis of the memorandum was wholly immaterial to his liability for the balance of the purchase money, his obligation to pay that balance arising from his receipt of the consideration, to wit: the land, for which said balance was, under the terms of said contract, to be paid. In other words, the conveyance of said land, being the whole consideration to be rendered on the part of the plaintiff for both the immediate and the future contingent payment, having been made and accepted by both of said defendants, their obligation to make both of said payments was forthwith complete, and did not at all depend upon its being reduced to writing. The only use of writing was to guard against forgetfulness (such as, it would seem, has actually intervened in this case) in regard to the fact and amount of the future payment, and the contingency upon which it was to be made. (*Shepard* v. *Little,* 14 Johns. 210; *Bowen* v. *Bell,* 20 Johns. 338, 340; *Bank of Columbia* v. *Patterson,* 7 Cranch, 299; *White* v. *Cuyler,* 6 Durnf. & E. 176; *Brackett* v. *Evans,* 1 Cush. 79; *Preble* v. *Baldwin,* 6 Cush. 550; *Thomas* v. *Dickinson,* 2 Kern. 364.)

The Statute of Frauds, therefore, has no application to the present case, even had the defendants set it up as a defense, which they have not.

The fact that the consideration for defendants' promise to pay was land, instead of personal property, makes no differ-

ence. The only question upon this point which can properly be raised is, was there sufficient consideration to sustain that promise? (2 Parsons on Contracts, 315, 316; *Thallheimer* v. *Brinckerhoff*, 6 Cow. 90; *Gale* v. *Nixon*, 6 Cow. 445; *Whitbeck* v. *Whitbeck*, 9 Cow. 266; *Shepard* v. *Little*, 14 John. 210, 212; *Bowen* v. *Bell*, 20 John. 338; *Goodwin* v. *Gilbert*, 9 Mass. 510.)

*Thomas A. Brown*, for Respondents.

The memorandum of agreement offered in evidence by plaintiff is void. It purports to be an agreement between Williams and Sturgis on one part, and Price and Mrs. Mary E. Price of the other part; it was not executed by either Sturgis or Mrs. Price, and is inoperative. (*Tewksbury* v. *O'Connell*, 21 Cal. 67; *Townsend* v. *Corning*, 28 Wend. 435.)

*H. Mills*, for Respondent Sturgis.

The evidence offered with respect to the sale of the land was insufficient to warrant any judgment against the defendants, because it was incompetent under the Statute of Frauds—the agreement was never executed by the parties.

The following opinion was delivered by the Court, TEMPLE, J., at the July Term, 1871:

The defendants purchased from plaintiffs an undivided interest in a tract of land near Benicia, and received a deed for it in December, 1858. The negotiations which led to the purchase were mostly conducted, on the part of the defendants, by the defendant Williams. He agreed with the plaintiffs to pay for the land a certain sum upon receipt of the deed, and the further sum of eleven hundred and twenty dollars from the first proceeds of the sale of the lands. At the time the deed was executed a memorandum of an agreement was prepared, expressing the conditions of the contract

as to the further payments, and was signed by plaintiff Price and the defendant Williams. It was left with an attorney for the purpose of being presented to Sturgis for his signature. It does not appear that Sturgis was ever requested to sign this paper, and upon the trial he testified, in effect, that he had never heard of it, and supposed that the money paid at the time the conveyance was made was the whole price to be paid for the land.

The land was sold in November, 1866, and this action was commenced in May, 1867, to recover the sum of eleven hundred and twenty dollars, the balance of the purchase money.

The defendants recovered judgment, and this appeal is from the judgment and an order denying plaintiffs' motion for a new trial.

The judgment in favor of the defendant Sturgis certainly cannot be disturbed. He testifies that he neither made such an agreement nor authorized Williams to do so for him. The fact that he received the deed, entered into the possession of the land and sold it, does not amount to a ratification or affirmance of the contract, for it is not shown that he knew of the existence of such a contract until after the land had been sold. If there was a material misunderstanding in regard to the terms of the sale, it might have been a reason for rescinding the sale, but Sturgis cannot be held to a contract he never made, simply because the plaintiffs have parted with their property on the supposition that such a contract existed. The evidence being conflicting as to whether Sturgis knew of the understanding which was made with Williams, we are bound to presume, in support of the judgment, that Sturgis' evidence is correct.

As against the defendant Williams, however, the case is very different. As against him the contract is clearly proven substantially as alleged. Nor is the contract within the statute. It is not for the conveyance of land, but for the payment of a certain sum of money upon the happening of

a certain event. The unexecuted written memorandum may be left entirely out of view, except as it confirms the oral testimony as to the nature of the verbal contract entered into by Williams.

Judgment and order affirmed as to the defendant Sturgis, but reversed as to defendant Williams, and cause remanded for a new trial as to last named defendant.


A rehearing was granted, and after reargument the following opinion was delivered:


By the Court, BELCHER, J.:

We have carefully reviewed the testimony in the light of the reargument, and are of the opinion that there is a substantial conflict as to whether Sturgis ever made any agreement for the subsequent payment of the one thousand one hundred and twenty dollars, or knew of one being made by Williams.

In the complaint it is alleged that the contract was made " on or about the 13th day of December, A. D. 1858." The plaintiff testifies: " This contract was made with defendants a few days before the date of the deed from William F. Peabody to them, which is dated December 15th, 1858. It was made at my residence, which was then at said Town of Vallejo. Defendants came there at that time and walked with me over said tract of land. * * * After walking over the land we walked back to my house and I then sold them, in the presence of my wife, Mrs. Price, the undivided quarter of said tract, amounting to thirteen acres, for the sum of nineteen hundred and fifty dollars ($1,950). Defendant, Sturgis, said they would have to make some arrangement for the cash payment which was to be made, and that they, defendants, would meet me at B. C. Whitcomb's office

at Benicia in a few days, when I could have the deed for said interest executed from Peabody to them."

Defendant Sturgis testified that he never knew of the memorandum until a year or a year and a half ago. "That was the first time that I ever heard of it. * * * I never had any conversation with the plaintiff about the price of the land. * * * The only information I ever got as to the price of the land was from Mr. Williams, before I went to Vallejo, and after I got back, as near as I can recollect, he told me it would need from eight hundred to one thousand dollars to make the purchase, and asked me if I had the money. * * * I went to Colonel Price's residence near Vallejo, about the 13th of December, 1858, for the purpose of examining the land, at the request of Mr. Williams, with a view to purchase it. I do say the terms or price of the land was not mentioned on the land, or at the plaintiff's house, or on that day. No one mentioned the price or terms except Mr. Williams, at any time, and he never on the lands or at Mr. Price's house."

We are unable to see how the conflict could be more direct and certain. It may be, if we were sitting as a *nisi prius* Court, that, looking at all the circumstances, we should find that the defendant Sturgis, notwithstanding the conflict, made the contract as charged. The settled rule of this Court, however, is not to disturb the findings of the Court below in such a case. The judgment heretofore ordered must therefore stand as the judgment in the case.

Judgment and order affirmed as to the defendant Sturgis, but reversed as to the defendant Williams, and cause remanded for a new trial as to the last named defendant.