## REYMAN v. MOSHER.

### No. 7095.

SUPREME COURT.—*Assignment of Error.*—*Questioning Sufficiency of Complaint.*—An assignment of error in the Supreme Court, for the first time questioning the sufficiency of a complaint, must go to the complaint as a whole, and can not question the sufficiency of the separate paragraphs thereof.

STATUTE OF FRAUDS.—*Contract Between Execution Defendant and Plaintiff Concerning Mortgaged Premises.*—*Conveyance.*—In an action by R. against M., to recover a money judgment, the complaint alleged that theretofore R. had duly obtained a decree foreclosing a mortgage executed to R., by M., on land belonging to M.; that, to procure title to the land without resorting to a sale on the decree, R. had orally promised M., that if M. would convey the land to R., by deed, the latter would pay M. a certain sum, allow him to remain in possession for a year, free of rent; would allow him within that time to procure a purchaser of the land at not less than the amount of the judgment, interest and costs; would convey the land to the purchaser accordingly, and pay the surplus, if any, of the purchase-money to M. . The complaint specifically alleged performance of the contract by M., by conveyance to R., the finding of a purchaser at a sum exceeding the amount of such judgment, interest and costs, conveyance to the purchaser, and receipt of the purchase-money by R. There was also an allegation that R. had refused to pay to M. said sums.

*Held*, on demurrer, that the alleged contract was not within the statute of frauds, and that the complaint was sufficient.

SAME.—*Personal Property on Land Conveyed.*—*Trover.*—An additional paragraph of complaint, in such action, alleging that the defendant had taken possession of, and converted to his own use, certain saw-logs and fence-rails situate on such land and belonging to plaintiff, is sufficient on demurrer.

VERDICT.—*Weight of Evidence.*—See opinion.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler* and *M. B. Williams,* for appellant.

*S. B. Voyles,* for appellee.

Woods, J.—Complaint in two paragraphs.

Demurrer to the complaint as a whole, on the ground that said complaint does not state facts sufficient to enable the plaintiff to maintain an action against the defendant; demurrer overruled, and exception; issues of fact were formed, and on trial had there was a verdict and judgment for the plaintiff, the defendant's motion for a new trial having been overruled.

The assignments of error are that the court erred:

1. In overruling the demurrer to the complaint;

2. In overruling the motion for a new trial;

3. The first paragraph of the complaint does not state facts sufficient to constitute a cause of action; and,

4. The second paragraph of the complaint does not state facts sufficient to constitute a cause of action.

The third and fourth assignments are not available. It is upon the complaint as a whole, and not upon separate paragraphs thereof, that such assignment may be made. *Waugh* v. *Waugh,* 47 Ind. 580. The demurrer to the whole complaint was properly overruled, if either paragraph was good. *Jewett* v. *The Honey Creek Draining Co.,* 39 Ind. 245; *Silvers* v. *The Junction Railroad Co.,* 43 Ind. 435.

The paragraphs of the complaint are substantially as follows:

1st. That plaintiff, being the owner of a tract of land, which is described, mortgaged the same to the defendant, and that, upon decree of foreclosure of the mortgage and upon proper notice given, the defendant was about to cause the land to be sold; that, on the day before the day fixed for

such sale, the plaintiff and defendant entered into an agreement that if the plaintiff would convey the legal title,by deed of conveyance, to the defendant, of said land, and thereby prevent the sheriff's sale thereof, the defendant would permit the plaintiff to reside upon and possess the land free of rent and expense for one year thereafter, and pay plaintiff a bonus or consideration of $50, and also permit the plaintiff to assist in finding a purchaser of said land during said year, and if a purchaser was so found, who would pay a sum in excess of what was or would be due on said judgment, the plaintiff should have the benefit of the excess or overplus ; that, upon these considerations and no other, the plaintiff conveyed the land by deed, to the defendant, on the — day of February, 1875, and continued to reside upon and occupy the same until the — day of ———, 1875, when, with plaintiff's assistance, a purchaser was found,who purchased said land at the contract price of $2,260.00 and obtained the title therefor, and thereupon, and not before, did the defendant enter satisfaction of said judgment and decree ; that there was due on said judgment, at the date of said sale, $1,691.07, leaving an excess or overplus under said agreement of $568.93, which belonged to the plaintiff; that the plaintiff yielded possession to said purchaser, and looked to the defendant for said overplus and bonus, but that the defendant has since refused to comply with said agreement, keeps the overplus, and refuses to pay said $50 ; that said sums have been demanded, are due and unpaid. Wherefore, etc.

2d. That heretofore, on the — day of ———, 1875, plaintiff was the owner of twenty-two saw-logs, cut down in the woods, of the value of $2.00 each, and also of fifteen hundred split fence-rails, lying on the ground and never placed in fences, of the value of $2.00 per hundred ; that the defendant converted said property to his own use and got the entire value and benefit thereof. Wherefore plaintiff

sues for the value of said property, to wit, $75.00, and prays, etc.

We perceive no valid ground of objection to either of these paragraphs. Saying nothing of the question of the application of the statute of frauds to the contract set up in the first paragraph, a plain right of recovery of the sum of $50 is shown. That sum the defendant, according to the averment, directly and unconditionally agreed to pay in consideration of, or as a bonus for, the conveyance. The plaintiff made the conveyance, and the defendant accepted it, and is bound to pay the price agreed upon. *Huston* v. *Stewart*, 64 Ind. 388 ; *Sands* v. *Thompson*, 43 Ind. 18.

Indeed, the whole contract on which the plaintiff sues may be upheld and enforced on the same ground as the claim for the $50. The essence of the contract is that the defendant, having a decree of foreclosure against the land, bargained with plaintiff for the direct conveyance thereof, and agreed to pay him therefor $50, and such further sum as the plaintiff could within one year find a purchaser willing to give for the land, and the excess of that sum, over the amount due the defendant on his decree, he would pay over to the plaintiff. Can this be regarded as anything but a part of the consideration which the defendant agreed to pay for the conveyance ? It was conditional, to be sure, upon the plaintiff's being able within a year to find a purchaser, at a price which would afford a surplus over the amount of the decree, but there is nothing wrong or unlawful in the condition ; the parties had a right, if they chose, to stipulate for a conditional consideration, and the contract is not on that account forbidden by the statute of frauds. It may be, that the defendant was not bound to convey to the purchaser, but the agreement as pleaded did not attempt to bind him to convey, and whether he had seen fit to convey or not, the plaintiff, on finding a purchaser who was willing to pay a price

which would afford an excess over the sum due the defendant on the decree, became entitled to that excess. The condition was performed in the finding of a purchaser, not in his acceptance by the defendant. *Hess* v. *Fox*, 10 Wend. 436; *Price* v. *Sturgis*, 44 Cal. 591.

The second paragraph shows that the defendant converted to his own use personal property of the plaintiff, the description and value of which are stated, and whether this was done with or without the plaintiff's consent, the right of action for the value was complete. There was, therefore, no error in overruling the demurrer to the complaint.

The motion for a new trial was based upon the following alleged reasons:

1. Error in the assessment of the amount of recovery, the verdict being too large;

2. The verdict is not sustained by sufficient evidence, is contrary to the evidence, and is contrary to law.

We have examined the evidence with care, and, while there is a plain and perhaps irreconcilable conflict of testimony, there is sufficient evidence to support the averments of the complaint, if credible, and whether credible, was a question for the jury. The verdict is therefore supported by sufficient evidence, and is not for too much, nor contrary to law.

The judgment of the circuit court is affirmed, with costs.

Petition for a rehearing overruled.