[No. 9824.   Department Two. — April 17, 1888.]

## LEO ZEIMER, APPELLANT, *v.* T. M. ANTISELL, RESPONDENT.

BROKER — SALE OF LAND — AUTHORITY HOW EVIDENCED. — To entitle a broker to recover commissions for effecting a sale of real property, he must show that he was employed by or on behalf of the owner to make the sale, and that his authority, or some note or memorandum thereof, was in writing, subscribed by the party to be charged, or by his authorized agent.

ID. — BROKER WHEN EARNS COMMISSION. — Before a broker can be said to have earned his commission, it must also be shown that he produced a purchaser who was ready and willing to make the purchase on terms satisfactory to his employer, and that he was the efficient agent or procuring cause of the sale; also that he performed the duty assumed by him within the time limited in his contract, or within such extension of time as may have been granted by his employer. If he failed to do that, he is not entitled to the commission, even though he made efforts to sell the property, and first called it to the attention of the party who subsequently made the purchase, unless the delay was caused by the negligence, fraud, or fault of the owner.

75   509
86   641
75   509
100   29
75   509
116   144
75   509
f129  390
75   509
e145  677
f145  679

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Ladd & Allen, Frederic Goore,* and *Raphael Citron,* for Appellants.

The evidence shows that the purchaser was found by the agent during the continuance of the written contract, but by the defendant's direction the closing of the sale was delayed. This was sufficient to entitle him to his commission. (*Lloyd* v. *Matthews,* 51 N. Y. 132; *Glenworth* v. *Luther,* 51 Barb. 145; *Lynch* v. *McKeena,* 58 How. Pr. 43; *Handford* v. *Shafter,* 4 Daly, 245; *Chilton* v. *Butler,* 1 E. D. Smith, 151.)

*York & Whitworth,* for Respondent.

BELCHER, C. C.—On the twenty-eighth day of June, 1883, the defendant in writing authorized David Levitzky, a real estate broker, to offer for sale certain real property which defendant owned in the city of Oakland, and agreed, if Levitzky should find a purchaser of the property for the sum of one hundred and twenty-five thousand dollars, to pay him a commission of two and a half per cent for his services. By express provision, the agreement and Levitzky's authority under it were to terminate at the end of thirty days from its date.

Within the thirty days allowed, Levitzky found and introduced to the defendant one Hooker, who offered to purchase the property for the sum of one hundred and ten thousand dollars, and defendant thereupon agreed to accept his offer, and to sell to him for the sum named.

Subsequently, about the 15th or 20th of July, Hooker refused to take the property, and thereafter, on the thirty-first day of that month, defendant and Levitzky entered into another agreement in writing, to the effect

that if Hooker should take the property and pay therefor the sum of one hundred and ten thousand dollars, the defendant would pay Levitzky, as and for his commission, the sum of one thousand dollars and a style 7 upright piano; but if Hooker should not take the property, then the defendant should be in no way liable to Levitzky for his services.

At the time of entering into this last agreement defendant refused to extend Levitzky's authority under the former agreement, and expressly took the property out of his hands, and forbade him thereafter to offer it for sale to any person.

Hooker refused absolutely to purchase or take the property, and on August 10, 1883, defendant contracted to sell it to one B. H. Levy for one hundred and ten thousand dollars, and on the second day of October following consummated the sale to him for that sum.

Levitzky claimed that he was entitled to a commission of two and a half per cent on the one hundred and ten thousand dollars, for which the property was sold to Levy, and on the thirteenth day of October, 1883, he assigned his claim to the plaintiff, who thereupon commenced this action to recover the same.

The court below found the facts to be substantially as above stated, and gave judgment for the defendant, from which, and from an order denying him a new trial, the plaintiff has appealed.

To entitle a broker to recover commissions for effecting a sale of real property, he must show that he was employed by or on behalf of the owner to make the sale, and that his authority, or some note or memorandum thereof, was in writing, subscribed by the party to be charged, or by his authorized agent. (Civ. Code, sec. 1624; *McCarthy* v. *Loupe*, 62 Cal. 299.) And before a broker can be said to have earned his commission, it must also be shown that he produced a purchaser, who was ready and willing to make the purchase on terms

satisfactory to his employer, and that he was the efficient agent or procuring cause of the sale. (*McGavock* v. *Woodlief,* 20 How. 221; *Wylie* v. *Marine National Bank,* 61 N. Y. 415.)

"The duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until this is done, his right to commissions does not accrue." (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 382.) It must further appear that the broker performed the duty assumed by him within the time limited in his contract, or within such extension of time as may have been granted by his employer. If he failed to do that, he is not entitled to the commission, even though he made efforts to sell the property, and first called to it the attention of the party who subsequently made the purchase, unless the delay was caused by the negligence, fault, or fraud of the owner. (*Fultz* v. *Wimer,* 34 Kan. 576; *Wilson* v. *Sturgis,* 71 Cal. 226.)

In the light of the foregoing well-settled rules of law, was the plaintiff entitled to recover? We think not. There was no proof that Levitzky, while acting as defendant's agent, was the "efficient agent or procuring cause" of the sale to Levy. He did not bring the minds of the buyer and seller to an agreement for a sale, nor, so far as appears, accomplish anything which even foreshadowed the sale that was subsequently made. It is true that before the arrangement was made with Hooker he took Levy to see the property, and received from him an offer for it of ninety thousand dollars, but he rejected the offer at once, without even informing defendant that it had been made. Nothing more was done by him to effect a sale of the property to Levy until after his contract had expired and his authority had ceased. What, if anything, he did after that it is not necessary to consider, for it cannot constitute a cause of action for the plaintiff here.

In our opinion, the findings were justified by the evidence, and the judgment and order should be affirmed.

Hayne, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.