[No. 14616.  Department One. — February 24, 1892.]

JOHN C. BYERS, RESPONDENT, *v.* GEORGE S. LOCKE, APPELLANT.

STATUTE OF FRAUDS — ORAL AGREEMENT AS TO RESALE OF LAND BY GRANTEE — CONSIDERATION — ASSUMPSIT FOR SURPLUS PROCEEDS. — An oral agreement, made at the time of the transfer of real estate, and in consideration of the transfer, that upon a sale of the property by the grantee there should be deducted from the price of the resale the amount of advances made by the grantee to redeem the property from a sale under foreclosure against the grantor, and the amount of any further advances made by the grantee for taxes and assessments, with interest on all advances at a specified rate, and that the residue of the proceeds from the sale should be paid to the grantor, is not an agreement for the sale of real property, or of an interest therein, within the statute of frauds, but is merely for the payment of money agreed on as the consideration of the conveyance, which is not within the statute; and *assumpsit* will lie for the surplus proceeds resulting from a resale, under the terms of the agreement.

ID. — EVIDENCE OF CONSIDERATION — RECITAL IN ·DEED — PAROL PROOF. — The recital in a deed that the consideration has been paid is not conclusive, but the real character of the consideration may be shown; and it may be proved by oral evidence that the purchaser agreed to pay an additional amount contingent upon some future event or transaction, such as that upon a sale by him he would pay to the vendor part or all of the proceeds that might be received in excess of the amount paid by him.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*W. C. Green*, and *A. H. Carpenter*, for Appellant.

*Wilkes & Rutherford, J. G. Swinnerton*, and *John C. Byers*, for Respondent.

HARRISON, J. — It is alleged in the complaint that the plaintiff, being the owner of certain real estate which had been sold under a decree of foreclosure, made an agreement with the defendant, just prior to the expiration of the time for redemption from said sale, that the defendant should advance the money necessary therefor and redeem the property from said sale, and for the pur-

pose of enabling him to do so, he would convey the premises to the defendant, and that the defendant should hold the same until such time as they might be sold, and in the mean time advance such moneys as might be necessary for the payment of taxes and assessments thereon, and that upon the sale of said premises he would, after deducting from the proceeds therefrom the moneys so advanced, with interest thereon at the rate of twelve per cent per annum, pay the balance of said proceeds to the plaintiff; that thereupon he did, on the tenth day of July, 1888, convey the premises to the defendant, who immediately redeemed the same from the foreclosure sale, and held them until April 12, 1890, on which day, with the consent of the plaintiff, he sold them for $12,160, paying in the mean time certain amounts for taxes, street assessments, and other charges; that after deducting the amounts so paid, with interest thereon, from the amount received upon the sale, there remained $2,021.87, for which he asked judgment against the defendant. The defendant denied that any such agreement had been made, and alleged that at the time of the conveyance to him he had purchased from the party his equity of redemption in the premises for the sum of $150, which he then paid him, and that thereafter until the sale by him he had been the absolute owner thereof. The cause was tried by a jury, who rendered a verdict in favor of the plaintiff for the amount claimed by him, and from the judgment entered thereon the defendant has appealed.

The jury has determined, upon the contradictory evidence before it, that the agreement between the parties was as is alleged by the plaintiff, and its determination thereon is conclusive upon an appeal to this court.

The errors of law urged by the appellant are based upon his contention that it was not competent to prove this agreement by oral testimony, for the reason that it was an agreement relating to the sale of land. The contract or agreement upon which the action is brought is not, however, an agreement for the sale of land, or for the creation of any interest therein. The action is

merely for the payment of the money agreed upon as the consideration for which the plaintiff executed to the defendant the conveyance of the land. It is not every agreement *relating* to the sale of lands that is within the statute of frauds, but only such agreements as are intended to create an interest in lands. The provision of the code is, that an agreement "*for* the sale of real property, or of an interest therein, is invalid unless in writing" (Civ. Code, secs. 1624, 1741), and that "all contracts may be oral, except such as are specially required by the statute to be in writing" (Civ. Code, sec. 1622); and it is only when the agreement is required by the statute to be in writing that evidence of the agreement cannot be received without the writing. (Code Civ. Proc., sec. 1973.)

An agreement by the vendee to pay for the land sold and conveyed to him is not within the statute of frauds (*Thomas* v. *Dickinson,* 12 N. Y. 364); and the vendor, after the contract on his part has been executed by a conveyance of the land, may maintain an action upon such agreement, and establish it by oral testimony. The recital in the deed that the consideration has been paid is not conclusive (*Shephard* v. *Little,* 14 Johns. 210); nor is the vendor thereby estopped from maintaining an action for its price (*White* v. *Miller,* 22 Vt. 380); and it may be shown that the real consideration was of a different amount from that expressed in the deed (*Bowen* v. *Bell,* 20 Johns. 338; 11 Am. Dec. 286; *Belden* v. *Seymour,* 8 Conn. 304; 21 Am. Dec. 661); or of an entirely different character (*McCrea* v. *Purmort,* 16 Wend. 460; 30 Am. Dec. 103); and that the vendee agreed to pay an additional amount contingent upon some future event or transaction, as that upon a resale by him he would pay a portion of the proceeds that might be received in excess of the amount then paid by him (*Miller* v. *Kendig,* 55 Iowa, 174; *Michael* v. *Foil,* 100 N. C. 178); or the whole of said proceeds (*Hall* v. *Hall,* 8 N. H. 129) or the excess above the advances then made by him. (*Linscott* v. *McIntire,* 15 Me. 201; 33 Am. Dec. 602.)   In

*Collins* v. *Tillou*, 26 Conn. 368, 68 Am. Dec. 398, the plaintiff had conveyed certain land to the defendant by an absolute deed, upon the verbal agreement by the defendant that he would sell the same and turn over the proceeds to the plaintiff, and it was held that this agreement of the defendant was not within the statute of frauds, and that after a sale by him the plaintiff could maintain *assumpsit* for the proceeds, and prove the agreement by oral testimony. In *Hess* v. *Fox*, 10 Wend. 436, the mortgagor conveyed the mortgaged premises to the mortgagee, and the mortgage was canceled, upon the verbal agreement of the mortgagee that he would sell the premises for the best price that could be got, and after deducting the amount of the mortgage debt pay over the surplus of the sales to the mortgagor, and the transaction was held not to be within the statute of frauds, and that *assumpsit* would lie for the surplus proceeds. (See also *Reyman* v. *Mosher*, 71 Ind. 596; *Hodges* v. *Green*, 28 Vt. 358; *Goodspeed* v. *Fuller*, 46 Me. 141; 71 Am. Dec. 572; *Trowbridge* v. *Wetherbee*, 11 Allen, 361; *Price* v. *Sturgis*, 44 Cal. 591; *McCarthy* v. *Pope*, 52 Cal. 561.)

The other rulings complained of were without error, and as the court did not err in receiving oral evidence of the agreement under which the property was conveyed to the defendant, and as the jury have found from such evidence that the defendant made the agreement as claimed by the plaintiff, judgment was properly rendered in accordance with such verdict.

The judgment is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.