[Civ. No. 198. First Appellate District.—July 23, 1906.]

## WALTER E. LOGAN, Appellant, v. J. C. McMULLEN, Respondent.

ACTION BY REAL ESTATE BROKER—COMMISSION—EVIDENCE—INSUFFICIENT CONTRACT—PROPOSITION—INADEQUATE OFFER OF PROOF—NONSUIT.—In an action by a real estate broker to recover commissions upon a sale of real estate, where the instrument offered in evidence did not purport on its face to be a contract to employ plaintiff as a broker or agent to purchase real property, but was a proposition to ascertain whether it could be purchased at a designated price, and such offer was unaccompanied by any adequate offer to prove that plaintiff had procured a binding contract from the owners at the price designated, which defendant could enforce, or had brought the owners and defendant together so that the latter would have an opportunity to secure a contract at that price, and the facts which the plaintiff offered to prove were insufficient to render the instrument admissible, it was properly excluded from evidence, and a nonsuit was properly granted.

ID.—OFFER OF EVIDENCE—CAUSE OF ACTION.—An offer of evidence, which, taken in its entirety, fails to show a cause of action, is properly rejected by the court. The offer must be complete in itself, and must not omit facts without which the facts offered are not relevant.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

C. S. Farquar, for Appellant.

Dudley Kinsell, for Respondent.

HARRISON, P. J.—Action to recover for services as broker for the purchase of certain real estate. A judgment of nonsuit was rendered against the plaintiff, and he has appealed therefrom.

At the trial, after testifying that he was a real estate broker, and that he had had several interviews with the defendant regarding the property referred to in the complaint, the plaintiff offered in evidence the following instrument as a note or memorandum in writing requisite under section 1624, Civil Code, for his recovery, viz.:

"Oakland, Cal., July 31, '03.

"Walter E. Logan:

"Sir: If you can purchase N. W. corner of 13th and Franklin streets 75x100 for $42,000 I think we would be ready to purchase same by Monday next.

"J. C. McMULLEN."

—and in connection therewith offered to prove that, acting under it, he went to San Francisco on Friday, July 31st, and had an interview with the owners of the property, and showed them this instrument, and got from them "an offer" that they would accept $42,000; that the proposition was made that it was to be "arranged" on Monday; that a few minutes before noon on the next day, Saturday, the defendant stated to him that he would go with him to San Francisco on the next out-going narrow gauge train; to which he replied that he could not go on that train but would go on the next broad gauge train and would meet him at the owner's office; that he went over and remained there for three hours, but the defendant did not make his appearance; that thereafter the defendant met him and stated that he recognized that he had rendered services in the matter and that he would be compensated therefor. The defendant objected to the introduction of the instrument on the ground that it is incompetent and irrelevant; that it does not comply with the requirements of section 1624, Civil Code; that it does not purport to employ or authorize the plaintiff to purchase the real estate for the defendant or to act as his broker. The court sustained the objections, to which ruling the plaintiff excepted; and the plaintiff, admitting that there was no other writing or authorization of employment, and offering no other evidence,

the defendant moved for a nonsuit upon the ground that the evidence did not sustain any of the allegations of the complaint. The court granted the motion, to which the plaintiff excepted.

The court properly sustained the objection of the defendant to the above instrument. It does not purport to be an employment of the plaintiff as a broker or agent for the purchase of the real estate, but is rather to be construed as merely a proposition to him to ascertain whether it could be purchased at the designated price; but whatever construction is to be given to its terms, inasmuch as the plaintiff did not purchase the property or obtain from the owners an agreement for its sale which could be enforced by the defendant, the latter did not become liable to him for any services as broker or agent in the matter. If the plaintiff would assume that by virtue of the instrument he was authorized to act as broker for the defendant for the purpose of effecting a purchase of the property for him, and would claim compensation for his services, it was his duty to procure from the owners and deliver to the defendant a valid contract for its sale which could be enforced by the defendant; or, if he should obtain from the owners a verbal agreement to make the sale, bring the owners and the defendant together so that the latter would have an opportunity to secure such contract. (*Zeimer* v. *Antisell,* 75 Cal. 509, [17 Pac. 642] ; *Waterman* v. *Boltinghouse,* 82 Cal. 659, [23 Pac. 195] ; *Gunn* v. *Bank of California,* 99 Cal. 350, [33 Pac. 1105] ; *Mattingly* v. *Pennie,* 105 Cal. 516, [45 Am. St. Rep. 87, 39 Pac. 200].) The conditions under which a broker for the purchase or sale of real estate is entitled to commissions are stated in the case last cited as follows: "In order to entitle a broker under such a contract to recover commissions where no sale has actually been consummated, it is incumbent upon him to prove that he found a purchaser ready, willing and able to buy the property on the terms fixed; and either that he procured from that person a valid contract binding him to purchase the property upon those terms, or that he brought the vendor and the proposed purchaser together so that the vendor might have secured such contract if he desired. On no other terms can he recover. The readiness and willingness of a person to purchase the property can be shown only by an offer on his part to purchase; and unless he has actually entered into a

contract binding him to purchase, or has offered to the vendor and not simply to the broker to enter into such a contract, he cannot be considered a purchaser.''

The broker must perform all of the services thus required of him before he can claim compensation from his employer. His principal is under no obligation to assist him in their performance or to relieve him from a full compliance with his duty. The broker for the purchaser cannot call upon his principal to go to the place of business of the vendor, and there make the contract or negotiate for its terms. He is employed for the very purpose of relieving his principal from taking any trouble in the matter, and he must either bring to him a perfected contract, or the vendor in person, ready, able and willing to make the contract. The defendant was under no obligation to hunt up the owners, or go to San Francisco for the purpose of securing a contract, and his failure to do so did not operate to relieve the plaintiff from the necessity of bringing the vendor to Oakland if he did not secure a valid agreement for a sale.

The plaintiff did not offer to show the purpose for which the defendant was to go to San Francisco; and as by the terms of the above instrument the defendant was not to be ready for the purpose until the following Monday, and as the plaintiff's proposition to the owners was that the matter was to be ''arranged'' on Monday, there does not seem to have been any necessary connection between the trip to San Francisco and the purchase of the lot. By declining to accept the defendant's proposition to go by the first narrow gauge train, and not receiving from him any acceptance of his own counter-proposition to go by the broad gauge train, it does not appear that there was any meeting of their minds or any agreement between them to go to San Francisco.

The facts which the plaintiff offered to show in connection with the instrument were insufficient to render the instrument admissible. Inasmuch as he was not entitled to compensation by virtue of the agreement unless he had obtained a contract from the vendors, or brought them and the defendant together, the whole of the evidence offered would be incompetent to establish any cause of action against the defendant. An offer of evidence which, taken in its entirety, fails to show a cause of action is properly rejected by the court. ''The offer must be complete in itself, and must not

omit facts without which the facts offered are not relevant.''
(*Chamberlain* v. *Vance,* 57 Cal. 75.)

As the instrument in writing was excluded there was no
evidence before the court in support of the allegations of
the complaint, and the court had no alternative but to grant
the nonsuit.

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.