[L. A. No. 2034. Department One.—July 3, 1908.]

TRUMAN B. HICKS, Respondent, v. M. E. POST, Appellant.

AGENCY TO SELL REAL ESTATE—CONTRACT FOR DOES NOT GIVE INTEREST IN LAND NOR CREATE PARTNERSHIP.—A contract whereby the owner of land merely gave to the other party to the agreement, in consideration of moneys to be expended and services to be performed by the latter, the exclusive right to sell the land for a compensation to be measured by the price realized is a mere contract of agency, and does not give the latter any interest in the land nor create a partnership in the land between the parties.

ID.—TIME ESSENCE OF CONTRACT—RULE INAPPLICABLE TO CONTRACTS OF AGENCY.—The rule that time is not of the essence of a contract unless it is expressly so declared therein has no application to a contract under which a broker is given a certain time within which to make a sale. The broker must perform the duty assumed by him within the time limited by the contract, otherwise he has no right to compensation.

ID.—EXTENSION OF CONTRACT OF AGENCY TO SELL LAND MUST BE IN WRITING.—Under subdivision 6 of section 1624 of the Civil Code an agreement extending the time originally limited by a written contract within which real estate brokers were authorized to make sales of land must also be in writing, and evidence of a parol agreement for such extension is inadmissible in an action by the principal against the agent to quiet his title to the land which was the subject-matter of the agency.

ID.—ESTOPPEL OF PRINCIPAL TO DENY PAROL EXTENSION.—The mere act of the principal in- entering into an oral agreement for such extension, concerning which the parties were by law required to contract in writing, cannot be regarded as a misrepresentation by the principal of a fact not equally within the knowledge of the agent, and does not estop the principal to deny the extension of the contract.

ID.—EFFORTS OF AGENT TO FIND PURCHASERS—STATUTE OF FRAUDS.—The fact that the agent, acting under the invalid parol agreement for an extension, made efforts to find purchasers for the land would not estop the principal from asserting the invalidity of the agreement. To hold the contrary would be to abrogate the statute of frauds.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

John W. Kemp, and Kemp & Collier, for Appellant.

The defendant had an equitable lien upon the property, which the plaintiff cannot divest in an action to quiet title. (*Hunt* v. *Turner*, 9 Tex. 385, 60 Am. Dec. 167; *Nicoll* v. *Ogden*, 29 Ill. 323, 378, 81 Am. Dec. 311; Pomeroy's Equity Jurisprudence, sec. 992; *Stucker* v. *Yoder*, 33 Iowa, 177; *Carpenter* v. *Hathaway*, 87 Cal. 434, 25 Pac. 549; *Dupuy* v. *Leavenworth*, 17 Cal. 263; *Bates* v. *Babcock*, 95 Cal. 479, 29 Am. St. Rep. 133, 30 Pac. 605; *Chapman* v. *Hughes*, 104 Cal. 302, 37 Pac. 1048, 38 Pac. 109.) The contract was of such a nature that it could not expire by lapse of time. Time not being made of the essence of the contract, equity will not decree a forfeiture. (Civ. Code, sec. 1492; *Miller* v. *Cox*, 96 Cal. 339, 31 Pac. 161; *Daly* v. *Ruddell*, 137 Cal. 671, 70 Pac. 784; *Steele* v. *Branch*, 40 Cal. 3; *Beverly* v. *Blackwood*, 102 Cal. 83, 36 Pac. 378; *Cleary* v. *Folger*, 84 Cal. 316, 18 Am. St. Rep. 187, 24 Pac. 280; *Martin* v. *Morgan*, 87 Cal. 203, 22 Am. St. Rep. 240, 25 Pac. 350.) The plaintiff is estopped by his own acts from claiming that the contract was not extended. (*Steele* v. *Branch*, 40 Cal. 3; *Alexander* v. *Jackson*, 92 Cal. 514, 27 Am. St. Rep. 158, 28 Pac. 593; *Hanson* v. *Slaven*, 98 Cal. 377, 33 Pac. 266; *McCray* v. *Pfost*, 118 Mo. App. 672, 94 S. W. 998.) The contract and acts of the parties created a partnership in the land. (*Gray* v. *Palmer*, 9 Cal. 616; *Carpenter* v. *Hathaway*, 87 Cal. 434, 25 Pac. 549; *Chapman* v. *Hughes*, 104 Cal. 302, 37 Pac. 1048, 38 Pac. 109.)

Hunsaker & Britt, for Respondent.

The contract did not create any interest in or lien on the land. (*Hanna* v. *Flint*, 14 Cal. 74; *Holladay* v. *Frisbie*, 15 Cal. 631; *Price* v. *Sturgis*, 44 Cal. 591; *Heyn* v. *Philips*, 37 Cal. 529; *Byers* v. *Locke*, 93 Cal. 493, 27 Am. St. Rep. 212, 29 Pac. 119; *Snyder* v. *Wolford*, 33 Minn. 175, 53 Am. Rep. 22, 22 N. W. 254; *Michael* v. *Foil*, 100 N. C. 178, 6 Am. St.

Rep. 577, 6 S. E. 264; *Lesley* v. *Rosson*, 39 Miss. 386, 77 Am. Dec. 679; *Huff* v. *Hardwick*, 19 Colo. App. 416, 75 Pac. 593.) The contract did not establish the relation of partners between the parties. (*Gleason* v. *White*, 34 Cal. 258; *Wheeler* v. *Farmer*, 38 Cal. 203; *Hanna* v. *Flint*, 14 Cal. 73; *Clark* v. *Emery*, 58 W. Va. 637, 52 S. E. 770; *Sodiker* v. *Applegate*, 24 W. Va. 411, 49 Am. Rep. 252; *Quackenbush* v. *Sawyer*, 54 Cal. 439; *Smith* v. *Schultz*, 89 Cal. 526, 26 Pac. 1087; *Vanderhurst* v. *DeWitt*, 95 Cal. 57, 30 Pac. 94; *Coward* v. *Clanton*, 122 Cal. 451, 55 Pac. 147; *Cadenasso* v. *Antonelle*, 127 Cal. 382, 59 Pac. 765.)

SLOSS, J.—Action to quiet title to a tract of one hundred and twenty acres of land in Los Angeles County. The defendant answered, claiming ownership of an equitable interest in the land. His claim was based upon the provisions of a written agreement between plaintiff, Hicks, on the one hand, and defendant, Post, and Otis L. Lockhart, doing business as Post & Lockhart, on the other. This contract, dated the third day of March, 1903, recites that Hicks is the owner in fee simple of the land in controversy, having purchased the same from Post & Lockhart, and that he is desirous of having water developed upon the said property and the same subdivided and sold. By its terms Post & Lockhart agree to proceed at once to sink a well upon the land and install a pumping-plant thereon, and to develop water upon the said premises to the amount of sixty inches or more, they (Post & Lockhart) to pay all of the expense of developing the water and installing the pumping-plant. They further agree to attend to all the details of subdividing and selling the said premises in such tracts as may be desired by purchasers; together with a sufficient amount of water for each tract sold, and also to attend to the harvesting of any crops which may be produced upon the premises. In consideration of these covenants, and of the payment by Post & Lockhart of the expenses incurred in the development of the water and installation of the pumping-plant, Hicks agrees that Post & Lockhart shall have the exclusive handling, subdividing and sale of the said premises. It is agreed that out of the net proceeds of sale of the said lands, and of any crops which may be raised upon the said premises during the continuance

of the agreement, there shall be paid, first, to Hicks the sum of one hundred and twenty-five dollars an acre (the same being the first cost of the said lands to the said Hicks) and thereafter the net proceeds arising from the sale of said lands, water, and crops shall be equally divided between the said Post & Lockhart and the said Truman B. Hicks, one half to each. Post & Lockhart are given the option to make such terms of sale as they shall deem proper, subject to certain restrictions mentioned in the agreement. The final clause of the contract reads as follows: "It is further understood and agreed between the parties hereto, that if the said property shall not be subdivided, sold and disposed of by the said parties of the first part (Post & Lockhart) at a sooner date, this contract shall be and remain in full force and effect for two years from the date hereof, and for such further time as may be agreed upon at the end of the said two years."

The answer alleges that on February 3, 1904, Lockhart transferred and assigned all his right and interest in the contract to Post, the defendant herein. It is alleged that pursuant to the contract Post entered upon the land and proceeded to sink a well, by means of which he developed one hundred inches of water, which was more than the amount specified in the agreement, and that he installed a pumping-plant as required; the amount of money expended by him for these purposes amounting to $3,733.41. It is further alleged that the defendant Post has had the entire control and management of the property, has attended to all the details of seeding and harvesting the crops and marketing the same, and has expended for such purposes in excess of the amount received by him for the crops the sum of $65.61. He has also, as is averred, spent a large amount of his time and labor in attending to said property. It is averred that prior to March 3, 1905, it was agreed between the plaintiff and the defendant that the contract of March 3, 1903, should be extended indefinitely, and that the defendant should continue in the possession and exclusive handling and development of the said property, and that the same should thereafter be sold at such price as might be agreed upon between the said plaintiff and defendant, and for such sum as would reimburse the plaintiff for the purchase price of the property, and also reimburse the defendant for the amount of money expended

by him in the improvement and development of the property; that pursuant to such extension and agreement the defendant remained in possession of the premises and expended a considerable amount of money in harvesting crops and disposing of the same, and in protecting the said property. That in pursuance of the said agreement defendant took to the said property a great number of prospective purchasers, in the endeavor to find a purchaser for the said property. All of these things are alleged to have been done by the defendant with the full knowledge, consent, and acquiescence of the plaintiff. On March 5, 1906, the plaintiff served upon the defendant a written notice that he, the said plaintiff, elected to declare the agreement of March 3, 1903, at an end, and refused to enter into any agreement for the further continuance thereof. Post refused to recognize Hicks's right to so terminate the agreement.

The facts hereinbefore set forth, as alleged in the answer of the defendant Post, were found by the court to be true, with the exception of the allegations concerning the understanding and agreement of the parties that the contract of March 3d should be extended. In this regard the court found that the life or term of the said agreement of March 3, 1903, was not extended or modified as set forth in the answer, or at all. The court found further that the plaintiff is the owner in fee of the land, and that defendant has no interest—either legal or equitable—in said property. Judgment in favor of the plaintiff followed. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The action was commenced after the expiration of the two years specified in the original agreement. Leaving out of consideration, for the moment, any question of the extension of such contract, it is apparent that at least after the expiration of the time limited by the parties, the defendant had no interest, legal or equitable, in the land. The contract was nothing more than an agreement of agency, by which the plaintiff, as owner of the land, gave to Post & Lockhart, in consideration of moneys to be expended and services to be performed by them, the exclusive right to sell the land for a compensation to be measured by the price realized. The right of Post & Lockhart to compensation and reimbursement was, as is aptly stated by respondent, "not to attach to the lands

but only to one half of the net proceeds arising from the sale in the event that a sale should be made during the life of the agreement." There is nothing to indicate that Post & Lockhart were to have any interest in the land. (*Heyn* v. *Philips,* 37 Cal. 529; *Price* v. *Sturgis,* 44 Cal. 591; *Byers* v. *Locke,* 93 Cal. 493, [27 Am. St. Rep. 212, 29 Pac. 119].) Nor is there anything in this contract to justify the conclusion that it was intended to create a partnership in the land between the plaintiff, Hicks, and Post & Lockhart. (*Wheeler* v. *Farmer,* 38 Cal. 203; *Smith* v. *Schultz,* 89 Cal. 526, [26 Pac. 1087]; *Coward* v. *Clanton,* 122 Cal. 451, [55 Pac. 147]; *Title Insurance and Trust Co.* v. *Grider,* 152 Cal. 746, [94 Pac. 601].)

On the face of the findings the case is simply one of an agency to sell land, limited to a certain period of time. The agent, in the hope and belief that he will be able to sell the land at a profit within the time, agrees to and does make certain expenditures upon the land. If he is able to make the sales he will be reimbursed for these expenditures out of the proceeds of the sales. If he fails to make the sales he loses the expenditures which he has made. This is the element of chance which necessarily inheres in a contract of this character.

Appellant's argument that time is not of the essence of a contract unless it is expressly so declared in the contract (Civ. Code, sec. 1492) has no application to a contract under which a broker is given a certain time within which to make a sale. The broker must perform the duty assumed by him within the time limited in his contract. (*Zeimer* v. *Antisell,* 75 Cal. 509, [17 Pac. 642]; *Ropes* v. *John Rosenfeld's Sons,* 145 Cal. 671, [79 Pac. 354].) The defendant was, under his agreement, entitled to nothing unless he made a sale during the life of the contract, and it is not claimed that he did this during the period originally fixed.

It is argued, however, that the court erred in excluding evidence offered by the defendant to show that the parties had agreed upon an extension of the time fixed in the contract. The only evidence offered in this regard was testimony that there had been an oral agreement between the plaintiff and defendant "that the said contract should be extended indefinitely, and that the defendant should continue in possession of and exclusive handling and development of the property

and that the same should thereafter be sold at such price as might be agreed upon between the said plaintiff and defendant, and for such sum as would reimburse the plaintiff for the amount of money which he had paid for the property, and also reimburse the defendant for the amount of money which had been expended by him in the improvement and development of the same." This evidence was properly excluded. If we have properly construed the writing of March 3, 1903, the agreement for extension was simply one "authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission," and was, under our statute, required to be in writing. (Civ. Code, sec. 1624, subd. 6.)

There is no force in the argument that Hicks was estopped to deny that the contract continued in force for an indefinite period after the third day of March, 1905. The mere act of entering into an oral agreement in a matter concerning which the parties were, by law, required to contract in writing, cannot be regarded as a misrepresentation by Hicks of a fact not equally within the knowledge of Post. (Code Civ. Proc., sec. 1962, subd. 3; *Boggs* v. *Merced Mining Co.,* 14 Cal. 278.) But beyond this, it does not appear that Post was, as respects expenditures on the land, injured in any way by his reliance on the extension. The expenditures so made by him after March 3, 1905, did not equal his receipts from the crops after that date. The fact that, acting under an invalid agreement, he made efforts to find purchasers, cannot, of course, operate to prevent the other party from asserting the invalidity of the contract. To hold the contrary would be to abrogate the statute of frauds. (*Shanklin* v. *Hall,* 100 Cal. 26, [34 Pac. 636]; *Dolan* v. *O'Toole,* 129 Cal. 488, [62 Pac. 92].)

What we have said in construing the contract between the parties sufficiently answers the contention that plaintiff was bound to "do equity" by repaying to defendant the amounts expended by him.

The judgment and order appealed from are affirmed.

Shaw, J., and Angellotti, J., concurred.