[Civ. No. 1105. First Appellate District.—December 9, 1912.]

## CHARLES E. NAYLOR, Jr., Appellant, v. ELLEN LYNCH ASHTON, Respondent.

BROKER'S COMMISSIONS ON EXCHANGE OF LAND UNEARNED—TIME LIMIT —SPECIFIED TERMS—ABANDONMENT BY BROKER—LESS FAVORABLE EXCHANGE BY OWNER.—An action by the assignee of a broking firm to recover commissions on the exchange of real estate is not sustainable, where the exchange was not effected within the time limited by the defendant owner, or on the terms fixed by such owner, or at all; and where it appears that the broker abandoned further efforts to effect the proposed exchange, and that it was effected by the defendant personally on less favorable terms without any agency of the broker.

ID.—TIME LIMIT OF ESSENCE OF CONTRACT.—It must appear the broker performed his duty within the time limited by the contract. The limit for an acceptance of the offer of exchange made to be effected by the broker, was a time limit upon the employment of the broker. Time is always of the essence of a contract to sell or exchange real estate, where a time limit is placed upon the employment.

ID.—EMPLOYMENT OF BROKER PARTICULAR.—It is held that the employment of the broker by the defendant was not generally to effect a sale or exchange of the defendant's property, but only to procure an acceptance by the other owner of the offer to exchange and sell contained in the writing signed by the defendant. Under

such a contract, the broker could only recover on showing a compliance with the particular employment evidenced by the writing.

ID.—SUFFICIENCY OF FINDINGS AND EVIDENCE—SUPPORT OF JUDGMENT. It is held that the findings made by the court are sufficient to support the judgment for the defendant, and against the plaintiff as assignee of the broker firm, and that the evidence fully supports the findings.

ID.—ABSENCE OF PREJUDICIAL RULING UPON EVIDENCE.—It is held that a ruling of the court in sustaining an objection to a question put on the cross-examination of the defendant, relative to a purported unsigned deposition of the defendant, was, even if erroneous, not prejudicial, and too unimportant to justify a new trial.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Fred V. Wood, Judge presiding.

The facts are stated in the opinion of the court.

Naylor & Riggins, and Clarence N. Riggins, for Appellant.

McKee & Tasheira, and H. L. Breed, for Respondent.

HALL, J.—This is an appeal from a judgment in favor of defendant, and the order denying plaintiff's motion for a new trial.

The action was brought by plaintiff as the assignee of Geo. H. Murdock & Son to recover the sum of five hundred dollars as broker's commission under a written contract.

Murdock & Son had the property of defendant, a ranch in Tehama County, listed for sale or exchange. Learning that one Mrs. Thompson owned a piece of real property in Oakland which she was desirous of exchanging for ranch property, they informed defendant thereof and sent her to see Mrs. Thompson. All the business was transacted on behalf of the brokers by one Stanley. After defendant had examined the property she signed and delivered to Stanley, for the brokers, a writing, dated September 27, 1909, in which she offered to sell and exchange her said ranch for the said property of Mrs. Thompson and the sum of $5,750, to be paid in cash or approved securities bearing eight per cent per annum. The writing contains the following: "and I agree to pay Geo. H. Murdock & Son a commission of $500 for

their services as agents in effecting the above sale and exchange. Mrs. Thompson to be allowed ten days from the date hereof to examine the ranch and accept the above offer.''

This is the only written evidence of any contract between defendant and plaintiff's assignors and is the one pleaded and relied on for a recovery.

The court found that on or about the twentieth day of October, 1909, said defendant traded her said ranch to Mrs. Thompson for her said Oakland real estate and two thousand five hundred dollars cash. But it also found that no sale or exchange of said properties was ever made or effected by said George H. Murdock & Son as provided in the said contract, and that Mrs. Thompson never did accept the offer made in said contract, and never did exchange or sell her said property in accordance with said contract, and that defendant did not extend the time within which Mrs. Thompson might accept said offer beyond the ten days mentioned in said contract.

It is perfectly clear that upon these findings plaintiff should not recover.

The finding that an exchange and sale, upon different terms and after the expiration of the time limit, was made by defendant with Mrs. Thompson, does not entitle the broker to recover, in the presence of the other findings that the broker did not effect the exchange and that the time for the acceptance of the offer was never extended.

It will be observed that the writing relied on was an offer to sell, which by its terms was to be accepted within ten days from the date of the writing. This time expired on October 5, 1909. The broker's commissions were dependent on his obtaining the acceptance of this offer within ten days from its date. This he did not do.

''The duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until this is done his right to commission does not accrue.'' (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 382, [38 Am. Rep. 441].)

''It must further appear that the broker performed the duty assumed by him within the time limited in his contract, or within such extension of time as may have been granted by his employer. If he fail to do that, he is not entitled to

the commissions, even though he made efforts to sell property, and first called to it the attention of the party who subsequently made the purchase, unless the delay was caused by the negligence, fault or fraud of the owner.'' (*Zeimer* v. *Antisell,* 75 Cal. 509, [17 Pac. 642]. See, also, to the same effect, *Ayres* v. *Thomas,* 116 Cal. 140, [47 Pac. 1013]; *Ropes* v. *Rosenfeld's Sons,* 145 Cal. 671, [79 Pac. 354]; *Hicks* v. *Post,* 154 Cal. 22, [96 Pac. 878]; *Brown* v. *Mason,* 155 Cal. 155, [21 L. R. A. (N. S.) 328, 99 Pac. 867].)

The time limit for an acceptance contained in the offer to sell made by defendant was a time limit upon the employment of the broker in this case. His only employment under the writing was to procure an acceptance of the offer contained in the writing. This he did not do, either within the time fixed for such acceptance or at all. Time is always of the essence of a contract of employment to sell real estate where a time limit is placed upon the employment. (*Hicks* v. *Post,* 154 Cal. 22, [96 Pac. 878].)

In *Ropes* v. *Rosenfeld's Sons,* 145 Cal. 671, [79 Pac. 354], and *Brown* v. *Mason,* 155 Cal. 155, [21 L. R. A. (N. S.) 328, 99 Pac. 867], the actions were for broker's commissions where the sale had eventually been made to the purchaser first found by the broker, and in each case judgment for defendant was sustained.

The findings in the case at bar support the judgment. The evidence also fully supports the findings.

As before stated, the offer of defendant fixed the time limit for an acceptance of her offer at ten days, which expired on October 5th. Two days before October 5th the broker endeavored to induce defendant to exchange her ranch for certain stock, which he recommended to her, telling her that he had no hopes of doing any business with Mrs. Thompson. Indeed he informed defendant at that time that the time allowed Mrs. Thompson for an acceptance of the offer had expired, but examination of the written offer proved this to be incorrect.

So again, after the expiration of the ten days, the broker (Mr. Stanley) told defendant that there was no hope of doing business with Mrs. Thompson and that he would not waste any more time on her. And he did not thereafter make any

further effort to effect the sale or exchange contemplated by his written employment, or at all.

Subsequently defendant, without any assistance from plaintiff's assignors and without their knowledge, opened negotiations with Mrs. Thompson, and succeeded in making a trade with her, but not upon the terms of her original offer, but upon terms much less advantageous.

It is thus apparent that the controlling findings are fully sustained by the evidence.

Complaint is made of a ruling of the court in sustaining an objection to a question on cross-examination put to defendant by plaintiff. The objection seems to have been based upon the fact that counsel was reading from what purported to be a deposition made by defendant, but not signed by her. The matter, even if the court erred, is too unimportant to justify a new trial, especially as the court informed counsel that he might fully cross-examine the defendant about her testimony, and only prevented him from reading, in the guise of a question, a series of questions and answers from an unsigned deposition until he had first examined her as to the facts covered by the deposition, after which the court said the deposition might be used in impeachment.

On the whole record the case seems to have been fairly tried, and a correct judgment rendered.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 8, 1913, and the following opinion then rendered thereon.

THE COURT.—The petition for a rehearing is denied.

In denying the petition for a rehearing we deem it proper to again call attention to the fact that the only employment of the broker evidenced by the writing relied on was to procure an acceptance of the specific offer made by defendant, which the broker never suceeded in doing, either within the ten days allowed for such acceptance or at all. The broker was not employed generally to effect a sale or exchange of defendant's property, but only to procure an acceptance by Mrs

Thompson of the offer to exchange and sell contained in the writing signed by defendant. In this particular the case is quite like the case of *Holland* v. *Flash, post,* p. 686, [130 Pac. 32], decided December 19, 1912 (which is since the opinion in this case was filed), by the court of appeal of the second district, where it was in effect held, that under such a contract the broker could only recover on showing a compliance with the particular employment evidenced by the writing.