[Civ. No. 8249. Second Appellate District, Division Two.—June 20, 1934.]

C. H. ELLISON, Appellant, v. R. A. DALLUGGE et al., Respondents.

W. C. Shelton and George W. Burch, Jr., for Appellant.

Wm. Jennings Bryan, Jr., and Harry C. Cogen for Respondents.

SCOTT, J., *pro tem.*—Defendant R. A. Dallugge and his wife owned a tract of land which they wished to subdivide. They contracted with defendant Carlin G. Smith, Inc., to act as sales agent, and the latter engaged plaintiff, an engineer, to survey and lay out the tract. When the services were completed plaintiff rendered his bill, and not being paid brought this action. Default of defendant corporation was entered and at the conclusion of plaintiff's case a motion for nonsuit was granted as to defendants Dallugge and wife. Appellant contends that the trial court erred in granting the motion for nonsuit, and claims that

the evidence was sufficient to establish a joint adventure or a partnership, or an agency.

The corporation was employed as sales agent to sell the Dallugge tract and agreed to expend $5,000 of its own money to map out and improve the land for such purpose. It was not authorized to incur obligations against Dallugge nor to employ any person at his expense. It is apparent from the evidence that plaintiff relied on the corporation and not on defendant Dallugge, and that there was no agreement of any kind between plaintiff and Dallugge. Plaintiff had done work for the corporation on previous occasions, including preliminary reports on the value and availability for sale of other tracts. He was informed by Smith that Dallugge owned the land and that the arrangement between the corporation and Dallugge "had all been discussed and worked out and was now in the trust department of the Pacific National Bank for signature". Ten days or two weeks after the work commenced plaintiff saw Dallugge on the property and talked with him. Plaintiff did not attempt to see the contract setting out the relationship between Dallugge and the corporation until after it was canceled. He did not ask Dallugge at any time whether the latter had authorized Smith to employ him, nor did he tell Dallugge that he was going to look to him for payment. When the work was done plaintiff billed Smith for it and did not send a bill to Dallugge or speak to him about payment of the bill until after the contract was canceled. The evidence being insufficient to support plaintiff's case on any theory advanced by him, the motion for nonsuit was properly granted. (*Title Ins. & Trust Co.* v. *Grider,* 152 Cal. 746 [94 Pac. 601]; *Hicks* v. *Post,* 154 Cal. 22 [96 Pac. 878].)

Appellant's contention that the grounds of the motion for nonsuit were not stated with sufficient certainty is not supported by the record.

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.