[Civ. No. 1433.   Third Appellate District.—December 16, 1915.]

## J. B. ELSEA, Appellant, v. JOSEPH FASSLER, Respondent.

CONTRACT — OPTION TO SELL REAL PROPERTY — SALE BY OWNER AFTER EXPIRATION — RECOVERY OF COMMISSIONS. — Under an option to sell real estate which expressly limits the life thereof to a period of ninety days from its date, a provision therein that in the event that the owner should sell the property to anyone to whom the property had been recommended by the brokers within ninety days after the expiration of the option, he would pay them a commission of five per cent on the gross amount for which he might so sell the property, contemplates that such commission should be payable only in the event that a sale was thus made to a party to whom the brokers had recommended the property while the option agreement was still in force; and where a sale is thus made to a party recommended by them after the expiration of the ninety day period, they are not entitled to the commission.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Albert H. Elliot, Guy C. Calden, and Clarence E. Todd, for Appellant.

John T. Carey, for Respondent.

HART, J.—This is an action to recover the sum of three thousand one hundred dollars alleged to be due the plaintiff as for a broker's commission on the exchange of real estate.

Judgment passed in favor of the defendant and the plaintiff prosecutes this appeal therefrom and from the order denying his motion for a new trial.

The basis of this action is the following "option to sell" the property therein described:

"OPTION TO SELL.

"San Francisco, Cal., Jan. 5th, 1910.

"For and in consideration of the sum of one dollar, the receipt of which is hereby acknowledged, I hereby give to Chandler & Bourn, of this city, the exclusive right to sell for

me at the net price of one hundred and eighteen and 75/100 dollars ($118.75) the following described property, to-wit: [Describing it.]

"This option to remain in full force for a period of ninety (90) days from date hereof. I agree to grant all necessary time in which to examine the title to said property, and to give a good and sufficient deed free and clear of all encumbrance. I authorize said agents, or their assigns, to accept for me and in my name, a deposit on account of the sale of said property, and in the event of the title proving defective, I agree that they are to return the said deposit, providing that the said defects cannot be cleared within sixty days after notice thereof to me in writing. If I sell to anyone within ninety days after the expiration of this option to whom said property has been recommended by said agents or their assigns, I agree to pay them a commission of five (5) per cent of the amount of said sale.

"Said agents are hereby authorized to contract for me and in my name accordingly.

"Witness my hand this 5th day of January, 1910.

"JOS. FASSLER.

"Witness: F. E. WARE."

On the day upon which the foregoing instrument was executed Chandler & Bourn, to whom said option was given by the defendant, assigned a two-thirds interest in the said agreement to J. B. Elsea and F. E. Ware, who were copartners doing business under the firm name of "The Golden Gate Land Company."

Neither Chandler & Bourn nor Elsea and Ware succeeded in selling or procuring a purchaser of the land described in said agreement during the life thereof. It appears, however, that after the expiration of the ninety days during which the option was to retain vitality and force, Ware succeeded in interesting one Dr. Maxson in the property to which the said agreement related, with the final result that Fassler exchanged said property with said Maxson for an apartment house in the city of San Francisco.

It is not claimed that the evidence does not support the findings, but the contention of the plaintiff is that he is entitled to judgment upon the findings as made by the court. This contention is founded upon the theory that the trial court's conception of the meaning and scope of the option

agreement, as indicated by its findings and the conclusion of law therefrom, is erroneous.

The court found that the agreement as pleaded was made and entered into between Fassler, owner of the property, and Chandler & Bourn; that the latter assigned the same or an interest therein to Elsea and Ware, and that finally the entire interest in the agreement was assigned to Ware; that on the twenty-ninth day of May, 1910, a contract was entered into between Fassler and Maxson whereby they agreed to exchange the properties above mentioned, and that they did subsequently make said exchange; that the said Chandler, Bourn, Elsea, and Ware ''did not recommend the property of the defendant described in said contract to the said W. H. Maxson prior to the expiration of ninety (90) days from and after the fifth day of January, 1910, but did recommend said property to said W. H. Maxson prior to May 27, 1910, and urged said property upon said W. H. Maxson and procured the said W. H. Maxson to enter into the said contract or agreement of exchange between said W. H. Maxson and said defendant, and recommended the property of said defendant to said W. H. Maxson and urged said property of defendant upon said W. H. Maxson and rendered services to said defendant in and about the procuring of the exchange of said properties.''

The court further found that the value of the apartment house for which Fassler exchanged the land described in the option agreement was, at the time of said exchange, the sum of sixty-two thousand dollars over and above a certain mortgage existing on said property in the sum of forty-five thousand dollars.

As suggested, the controversy between the plaintiff and the defendant arises out of a difference of opinion as to the true meaning and scope of the option agreement.

It is the position of the plaintiff that he is entitled, under the terms of the concluding covenant of said agreement, to a commission of five per cent on the value, as found by the court, of the property for which Fassler exchanged the land referred to and described in said agreement.

On the other hand, the defendant contends: 1. That the exchange of the properties did not constitute a sale within the meaning of the concluding covenant of the agreement; 2. That said part of the agreement contemplated and meant that the

property should have been sold by Fassler to a party recommended by the plaintiff and his associates, or some of them, *during the life of the option agreement.*

The court made no special finding upon the question whether the transaction involved a *sale* of the property, but adopted the construction put upon the contract by the defendant as to the time within which the plaintiff and copartners in the agreement should have negotiated the transfer of the property to have justified them in claiming compensation for such service.

The plaintiff construes the instrument as one involving two separate and distinct contracts or agreements, viz.: The one giving to the plaintiff and his assignors the exclusive right or option to sell, within ninety days from the date of the agreement, the 465 acres of land described in the instrument for the net sum of approximately fifty-five thousand dollars, they to receive as their compensation therefor all money obtained for the land in excess of that amount; 2. The other, by the terms of which the plaintiff and those interested with him in the agreement were to receive a broker's commission of five per cent on the gross amount for which the land might be sold by them or through their negotiations within ninety days from and after the time of the expiration of the so-called option agreement. This construction is predicated mainly upon the consideration that the agreement provides for two different bases of compensation to the plaintiff and his coobligees for effectuating a sale, and particularly upon this language of the contract: "If I sell to anyone within ninety days after the expiration of this option to whom said property *has been recommended* by said agents or their assigns, I agree to pay them a commission of five per cent of the amount of said sale."

But the construction so given the agreement is, in our opinion, contrary to its general tenor. It will be noted that the *right* conferred upon the plaintiff and his associates by the agreement to sell the property is expressly limited by the instrument to exist for the period of ninety days from the date thereof, while the construction to which the plaintiff subjects the writing would obviously have the effect of extending or prolonging its life ninety days beyond the period of time to which it was so limited. In other words, if the plaintiff's construction be correct, then certainly it was *intended* by the

parties that the agreement should possess vitality and force for the term of 180 days in the place of the period of time specifically fixed therein as the term during which it should exist. Indeed, if the plaintiff's notion of the meaning of the language of the writing be well conceived and sound, the provision expressly designating the period of time during which the agreement should remain in force would be wholly meaningless and entirely supererogatory. But no such meaning can reasonably be extracted from the language of the agreement. It must be assumed that the provision expressly fixing a time to which the existence of the right under the option is restricted was intended to express the idea which its language naturally implies, and the only reasonably permissible construction of that language is that thus the parties intended to limit the time during which the authority of the plaintiff and his associates to sell or negotiate the sale of the land should exist. This construction is only in consonance with the prudent methods which ordinarily characterize business transactions of importance to all the parties connected therewith.

It results from the views thus ventured as to the meaning and scope of the agreement that, upon the expiration of the ninety days during which the option was to exist, the said agreement became *functus officio,* so to speak, and by necessary consequence all authority of the plaintiff and his associates in the agreement to sell or negotiate the sale of the property of Fassler under the terms of the said instrument ceased to exist or was terminated. It follows, therefore, that any act or step done or taken by the plaintiff and his partner and assignors, or by any one of them, looking to a sale or transfer of said property, was wholly without authority from Fassler, so far as the agreement involved here is concerned.

What, then, was evidently intended by the language of the agreement, "If I sell to anyone within ninety days after the expiration of this option to whom said property *has been recommended* by said agents," etc., was that, if Fassler himself sold the property within the time so specified to any party to whom it had been recommended by the plaintiff and his associates *during the life of the option agreement*—that is, if the property had been so recommended *while the plaintiff and his associates still had the authority to sell or negotiate the sale of the property under the provision expressly limiting their right so to do* to the term of ninety days—then,

in that case only, he would pay the brokers a commission of five per cent on the gross amount for which he might so sell the property.

Upon undisputed evidence the court found, as seen, that the negotiations for the exchange of Fassler's property for that of Maxson was initiated by the plaintiff within ninety days *after* the expiration of the ninety days within which the plaintiff and his associates in the agreement were authorized to sell the property, and thus it is to be observed that the plaintiff performed no service in the transaction eventuating in the exchange of the properties for which the plaintiff would be entitled to be compensated by the defendant under the terms of the written agreement involved here, even if it be conceded that the transaction amounted to a sale of the property or to be of a character which, had it taken place within the ninety days within which the authority of the plaintiff and associates to sell was expressly circumscribed, would entitle them to compensation on the basis of five per cent on the ascertained value of the property received by Fassler in the exchange.

Upon the foregoing considerations, an affirmance of the judgment and the order may rest, and, therefore, and in further consideration of the fact that the court made no specific finding upon that issue, it is not necessary to consider the point, urged here by the defendant, that the terms of the agreement were in no event performed by the plaintiff and his associates, for the reason that they did not *sell* the property or procure a purchaser ready, able, and willing to *buy* the same.

No other points are raised on this appeal.

The judgment and the order are affirmed.

Chipman, P. J., and Burnett, J., concurred.