[Civ. No. 4859.   Second Appellate District, Division One.—June 15, 1927.]

## GEORGE CLINE, Respondent, v. A. D. CARPENTER, Appellant.

[1] BROKER'S COMMISSIONS—AGREEMENT TO PAY COMMISSION—CON-STRUCTION.—An agreement to pay a broker a commission, if the owner should sell the property to anyone introduced by the broker within six months from the date of the expiration of a thirty-day listing, means that the owner would pay a commission on a sale made within six months to a purchaser introduced by the broker within the thirty-day listing period.

[2] ID.—SALE WITHIN LIMITED TIME—PRODUCTION OF PURCHASER—RIGHT OF RECOVERY.—A broker to be entitled to his commission must produce a purchaser within the time designated in his con-tract, or within such extension of time as may be granted by his employer, unless failure to sell within the time limited is due to the negligence or fraud of the owner.

(1) 9 C. J., p. 606, n. 83.   (2) 9 C. J., p. 607, n. 86.

APPEAL from a judgment of the Superior Court of Orange County.   S. M. Reinhaus, Judge *pro tem.*   Reversed.

The facts are stated in the opinion of the court.

Arthur E. Koepsel for Appellant.

Head, Rutan & Scovel for Respondent.

McLUCAS, J., *pro tem.*—This is an action for the re-covery of commission for the sale of real estate, and is founded upon the following instrument:

> "George Cline and Arthur Shell
> "117 North Spadra, Fullerton, California.

"I hereby authorize you, as my exclusive agent, for a period of 30 days from date hereof, to sell or exchange the

1.   See 4 Cal. Jur. 590.

2.   When broker becomes entitled to commissions, notes, 28 Am. St. Rep. 546; 139 Am. St. Rep. 225.   See, also, 4 Cal. Jur. 589; 4 R. C. L. 305.

following described property, to-wit: 13 Acres located at cor Commonwealth & Nicholas Streets Price, $4500, per Acre Mortgage, $2500 Due —— Interest 7%. Terms About ½ or little less. If you succeed in negotiating the sale of the above described property within the time limit above stated, or should I sell said property to anyone introduced to me by you within six months from date of expiration of this listing, I agree to pay you 5 per cent on price accepted by me, for cash sale, or 2½ per cent, if exchanged, for services rendered.

"July 25–1922.
"Phone ——.

"A. D. CARPENTER, Owner.
"Address ——.''

The evidence is undisputed that plaintiff produced a purchaser ready, able, and willing to buy defendant's property on September 2, 1922, after the expiration of thirty days from the date of the foregoing instrument, though the sale was not actually made to the purchaser for the reason that defendant's wife refused to sign the deed. Subsequently the defendant sold the property to another purchaser without the consent of the plaintiff. The trial court gave judgment for plaintiff and defendant appeals therefrom.

[1] But a single question is presented on this appeal, namely, whether the instrument sued upon was a thirty-day listing or was in fact a seven-months' listing. In other words, does the instrument mean that plaintiff shall have a commission from defendant providing he produces a purchaser ready, able, and willing to buy at any time within six months after the exclusive agency had expired, or does the instrument limit the payment of commission to plaintiff by defendant only to a case where defendant sells to a purchaser introduced by plaintiff within the thirty-day period? A similar question was considered in *Elsea* v. *Fassler*, 29 Cal. App. 187 [154 Pac. 1067], where an option to sell property contained the following words: "If I sell to anyone within ninety days after the expiration of this option to whom said property has been recommended by said agents or their assigns, I agree to pay them a commission of five (5) per cent of the amount of said sale.'' The court said, page 191: "What, then, was evidently intended by the language of the agreement, 'If I sell to any-

one within ninety days after the expiration of this option to whom said property *has been recommended* by said agents,' etc., was that, if Fassler himself sold the property within the time so specified to any party to whom it had been recommended by the plaintiff and his associates *during the life of the option agreement*—that is, if the property had been so recommended *while the plaintiff and his associates still had the authority to sell or negotiate the sale of the property under the provision expressly limiting their right so to do* to the term of ninety days—then, in that case only, he would pay the brokers a commission of five per cent on the gross amount for which he might so sell the property." In the case at bar, the words, "should I sell said property to anyone introduced to me by you within six months from the date of expiration of this listing" were evidently intended to cover a sale made by the defendant within the time so specified to any party to whom he had been introduced while the plaintiff still had the authority to negotiate a sale of the property under the provision expressly limiting his right to do so to the term of thirty days, and in that case only he would pay the broker a commission on the sale. The words "expiration of this listing" clearly refer to the expiration of the thirty-day period; yet if respondent's contention were true the listing would continue for a period of six months thereafter, and plaintiff within the succeeding six months would have a right of action for any sale made to a person introduced within seven months after the date of the contract, thus giving a right of action for a period of thirteen months from the date of the contract. Clearly, such was not the intention of the parties. In *Wright & Kimbrough* v. *Dewees,* 52 Cal. App. 42 [197 Pac. 957, 958], the court said, at page 45: "The obvious purpose of the insertion in the above quoted clause of the words: 'or after termination of this contract, if sold to a party to whose attention said property was brought through the agency of the said agent,' was to protect plaintiff for his efforts during the life of the contract resulting in a sale not consummated until after the termination of the contract." In the present case the obvious purpose of the inserted clause hereinbefore quoted was to protect the broker for introducing a purchaser during the life of the thirty-day contract, where the deal

was consummated within six months "from date of expiration of this listing." The rule expressed in the foregoing cases was again followed in *Hobson* v. *Hunt,* 59 Cal. App. 679 [211 Pac. 242]. We, therefore, conclude that the evidence is insufficient to support the finding of the trial court that said listing was a general authorization to the plaintiff to sell or exchange said property and was in full force and effect at the time plaintiff procured a purchaser for said property. [2] A broker to be entitled to his commission must produce a purchaser within the time designated in his contract, or within such extension of time as may have been granted by his employer, unless the failure to sell within the time limited is due to the negligence or fraud of the owner. (*Brown* v. *Mason,* 155 Cal. 155 [21 L. R. A. (N. S.) 328, 99 Pac. 867]; *Hicks* v. *Post,* 154 Cal. 22 [96 Pac. 878]; *Ropes* v. *John Rosenfeld's Sons,* 145 Cal. 671 [79 Pac. 354]; *Zeimer* v. *Antisell,* 75 Cal. 509 [17 Pac. 642].) In the present case the broker did not produce a purchaser within the time of thirty days designated in the contract; nor was there any extension of such time granted.

In view of the foregoing conclusions, the question whether defendant had a right to sell said property to any person he desired, notwithstanding said listing, becomes immaterial to the decision of this case.

The judgment is ordered reversed.

Houser, J., and York, J., concurred.