JOSEPH H. TOMBS & another *vs.* JOHN L. ALEXANDER.

A broker whom A. employed tc sell land for a commission, and advised of his title to it, and that he " could give a warranty deed of the same," introduced B. as a person desirous of buying the land; and B. then bargained with A. for its purchase at a fixed price, but, before completing a valid contract, discovered a defect in A.'s title. A. thereupon agreed with B. to sell the land at public auction under a power by the due execution of which a valid title could be conveyed; and B. agreed to buy it at the auction, but did not do so, and it was bought at the auction by C. for a price larger than that fixed between A. and B. . *Held,* that A. was not liable to the broker for commissions or services.

CONTRACT for " services in procuring a purchaser " for a parcel of land in South Boston. At the trial in the superior court, before *Brigham,* J., without a jury, the judge found these facts :

" The defendant employed the plaintiffs, who were real estate brokers, to sell for him the estate for the agreed price for their services of fifty dollars ; and, at the time they were so employed, stated to them the source of his title, and how he held the same, and that he could give a warranty deed of the same ; and the p.aintiffs told him that they thought that they could sell it for him. Afterwards Napoleon B. Sowdon was found by the plaintiffs and by them sent to the defendant, as a person desirous of buying the estate. The plaintiffs did not take from Sowdon, nor did he sign, any agreement in writing to buy the estate, nor was any money paid by him to them or to the defendant, on account of said bargain. The defendant then stated to Sowdon the source of his title to the estate, and afterwards they bargained together for the purchase and sale of the estate, fixing the terms of sale and price, and the defendant delivered to Sowdon, at his request, all of the mortgages and other papers, for the purpose of explaining to him the condition of his title to the property. No services were rendered by the plaintiffs except sending Sowdon to the defendant. The defendant claimed to hold the estate by virtue of a foreclosure of a mortgage ; and also held a second mortgage on it, which contained a power to sell for condition broken, and was in the usual form of power of sale mortgages. Sowdon employed counsel to investigate the defendant's title, who reported that it was incomplete, the

foreclosure never having been perfected; and then, Sowdon having communicated to the defendant the advice given by the counsel, the defendant agreed and undertook to sell the estate at public auction, according to the conditions of the power contained in his second mortgage, Sowdon agreeing to purchase said property at the auction sale. The property was accordingly advertised; and, about a week after the first interview, Sowdon informed the defendant that he had purchased another place, for which he had been negotiating before seeing the defendant's property. At the sale of the estate at public auction, it was bought by Thomas Preston, at a sum greater than that at which the defendant agreed to sell to Sowdon. Testimony was offered by the defendant, showing that it was the usage of real estate brokers to make no charge for services unless a sale was effected by them; but the witnesses stated, on cross-examination, that they did not know of a case within their experience such as the present one."

Upon these facts, the judge ruled that the plaintiffs could not recover, and found for the defendant. The plaintiffs alleged exceptions.

*W. W. Doherty,* for the plaintiffs.

*T. Weston, Jr.,* for the defendant.

CHAPMAN, C. J. The plaintiffs contend that they, as real estate brokers, found a purchaser for the defendant's property, and brought the parties together, and thereby became entitled to compensation. But the bringing of parties together includes the idea of their being bound to each other in a valid contract. *Cook* v. *Fiske,* 12 Gray, 491. If the broker finds a party willing to purchase, and his employer revokes his authority and refuses to sell, it has been held that the broker may recover a compensation for the services he has rendered. *Prickett* v. *Badger,* 1 C. B. (N. S.) 296. But that is not the present case. The defendant employed the plaintiffs to sell for him the estate, for an agreed price, and stated to them the source of his title, and how he held the same, and that he could give a warranty deed of the same. The plaintiffs found a person who was desirous to purchase, but did not require him to enter into a legal contract

They sent him to the defendant, who agreed with him orally upon the terms of the purchase; but the person took time to examine the title, and, being dissatisfied with it, declined to purchase. The oral contract not being binding, the parties were not brought together so as to entitle the plaintiffs to their compensation. The defendant was not in fault; for he made a disclosure of his title, and did all he could to complete the sale.

But he did sell the property; and the sale was made in consequence of an agreement, made between him and Sowdon, the customer furnished by the plaintiffs, that it should be sold at auction. It brought a larger price at the auction than Sowdon had agreed to pay. The plaintiffs contend that on this ground they are entitled to recover. But the plaintiffs had no connection with this sale, except a very remote one, and are not entitled to claim any agency as brokers in its procurement. If it had brought less than the price agreed on between the defendant and Sowdon, it would have been the defendant's misfortune. The fact that it brought more is his good fortune, for which the plaintiffs cannot claim compensation.

*Exceptions overruled.*