[L. A. No. 191. Department Two.—February 27, 1897.]

## E. S. AYRES, RESPONDENT, v. ALBERT THOMAS, APPELLANT.

BROKERAGE—EARNING OF COMMISSIONS — COMPLETION OF TRANSACTION—PROCURING CAUSE.—In order to entitle a broker to commissions, the transaction must be completed, or he must have completed his part in the transaction, and the failure of the negotiation must be due to the interference of the principal, or to outside causes; and where a contract or sale is effected, the broker must be the efficient agent or procuring cause of the contract or of the sale.

ID.—SOLICITOR'S COMMISSION—IMPROPER INSTRUCTIONS—SERVICES TENDING TO OBTAIN ORDERS—INTRODUCTION OF CUSTOMERS.—In an action upon an agreement providing that the plaintiff should solicit orders for the output of defendant's business as a foundryman, and should receive a commission on all orders secured, an instruction to the effect that if, at the request of the defendant, the plaintiff performed any services which tended to obtain work done by the defendant for third parties, or if he introduced to defendant or to his manager or superintendent parties who subsequently ordered work, he would be entitled to his commissions, is erroneous as being too broad; and the error is not cured or qualified by joining disjunctively with such instruction the proposition that if the plaintiff, by means of his solicitations, brought the attention of any parties to the defendant or his manager or superintendent, and by reason thereof work was afterward ordered by such third parties, plaintiff would be entitled to his commission.

ID.—INSTRUCTION AS TO PROCURING CAUSE—OBJECTIONABLE CLAUSE—INTERVENTION OF OTHER INFLUENCE.—An instruction requested by the defendant that "to entitle a solicitor to a commission on work or orders claimed to have been obtained by him, it must appear that he was the moving or procuring cause of consummation of the transaction; it is not enough that the plaintiff has something to do with the transaction, unless it appear that that something was the procuring or moving cause of the consummation of the transaction, and that that something would and did procure such consummation, without the intervention or aid of any other essential matter, thing, or influence," is correct, with the exception of the last clause, consisting of the words, "without the intervention or aid of any other essential matter, thing, or influence," which clause renders the instruction objectionable.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. WALDO M. YORK, Judge.

The main facts are stated in the opinion of the court. The sixth instruction requested by the defendant and refused, to which reference is made in the

opinion, was as follows: "You are instructed as a matter of law that to entitle a solicitor to a commission on work or orders claimed to have been obtained by him it must appear from the evidence that he was the moving or procuring cause of the consummation of the transaction; it is not enough that the plaintiff had something to do with the transaction unless it appear that that something was the procuring or the moving cause of the consummation of the transaction, and that that something would and did procure such consummation of the transaction, without the intervention or aid of any other essential matter, thing, or influence."

*T. E. Gibbon*, for Appellant.

The court erred in instructing the jury to the effect that acts of the plaintiff not making him the efficient agent or procuring cause of inducing customers to contract with defendant could entitle him to commissions. (*Zeimer* v. *Antisell*, 75 Cal. 511; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 382; 38 Am. Rep. 441; Wharton on Agency, sec. 326; *McClave* v. *Paine*, 49 N. Y. 561; 10 Am. Rep. 431; *Shanklin* v. *Hall*, 100 Cal. 29.)

*Murphey & Gottschalk*, for Respondent.

If a broker introduces one who is ready and willing to contract with his principal, he is entitled to his commissions, though the principal negotiates the contract in person. (*Tyler* v. *Parr*, 52 Mo. 249; *Lyon* v. *Mitchell*, 36 N. Y. 235; *Moses* v. *Bierling*, 31 N. Y. 462; *Redfield* v. *Tegg*, 38 N. Y. 212; *Jones* v. *Adler*, 34 Md. 440; *Hinds* v. *Henry*, 36 N. J. L. 328; *Durkee* v. *Vermont Cent. Ry. Co.*, 29 Vt. 127; *Wilson* v. *Sturgis*, 71 Cal. 229.)

SEARLS, C.—This action was brought to recover $1,584.69, with interest on $831.48 thereof from July 28, 1893, and interest on the balance thereof from October 9, 1894.

The cause was tried before a jury and a verdict returned in favor of plaintiff for $1,694.

Upon a motion for a new trial the court made an order granting a new trial unless plaintiff should consent to reduce the verdict by $117.45, leaving the verdict to stand at $1,576.55, to which deduction plaintiff consented, whereupon the motion for a new trial was denied and judgment entered for $1,576.55.

Defendant appeals from the judgment and from the order denying his motion for a new trial. Plaintiff acted as an agent of defendant, a foundryman, in soliciting orders for the output of defendant's business on commission, and also to some extent as a collector for said defendant. There are five counts in plaintiff's complaint. The evidence shows that all of the five causes of action are based upon three several grounds: 1. A claim for services in obtaining orders for the products of defendant's business as an iron founder; 2. A claim for money paid by plaintiff to defendant's use; 3. A claim for labor performed by plaintiff as collector for defendant.

, The services were rendered and the money paid out between May 15, 1892, and October 9, 1894.

Appellant attacks the ninth instruction given by the court to the jury at the request of plaintiff, and urges that it was erroneous and injurious to defendant. It is as follows:

"9. The jury are further instructed that to entitle the plaintiff to commissions from the defendant for work done by the defendant for third parties, that it is not necessary for the plaintiff to show that he did everything in connection with procurement of the work. If, at the request of the defendant, he performed any services which tended to obtain the work, or introduced the parties to the defendant or to the defendant's managers or superintendent, or if you should find from the evidence that the plaintiff, by means of his solicitations, brought the attention of any parties to the defendant, or his manager or superintendent, and by reason thereof work was afterward ordered by such third parties, then, in such case, the plaintiff should be entitled

to his commissions even though he did not do all of the work of soliciting, whereby the work was given to the defendant; but it is enough for him to show that he did something in connection with any job or work given by any third person to the defendant which aided or assisted the defendant in any way in obtaining the said work, and which was the cause of inducing the purchasers or customers negotiating with defendant or contracting with defendant."

There was evidence tending to show that plaintiff was, under an arrangement with defendant, entitled to receive five per cent on all orders for goods which he secured in amounts exceeding fifty dollars, and ten per cent on all orders for a less amount than fifty dollars.

Plaintiff furnished a bill of particulars, and as to some of the items charged therein there was a sharp conflict as to whether or not plaintiff had secured the customers upon whose purchases he had charged a percentage.

Under this state of the case the law in relation to the circumstances under which plaintiff became entitled to a commission became an important factor in the problem to be solved.

Brokers are of many kinds, the most important being enumerated and defined as follows: Exchange brokers, insurance brokers, note brokers, pawn brokers, real estate brokers, ship brokers, stock brokers and merchandise brokers.

"Merchandise brokers are those who buy and sell goods and negotiate between buyer and seller, but without having the custody of the property." (Black's Law Dictionary, tit. Broker.)

All brokers are agents, and there are certain well-defined principles of law applicable to them as such, and as to the different classes certain other principles are applicable dependent upon the peculiarities of the class.

One of the distinguishing features of that class of agencies termed "brokerage" is that the transaction must be completed before commissions are earned. To this rule there is the exception that where the agent has

completed his part in the transaction and the failure of the negotiation be due to the interference of the principal or to causes outside of the agent, then the commissions are earned. (Wharton on Agency, sec. 325.) The agent must be an efficient agent in, or the procuring cause of, the contract. (*Tombs* v. *Alexander*, 101 Mass. 255; 3 Am. Rep. 349; *Walker* v. *Tirrell*, 101 Mass. 257; 3 Am. Rep. 352; *Barrett* v. *Jones*, 64 Pa. St. 223; *Shanklin* v. *Hall*, 100 Cal. 26.) As was said by this court in *Zeimer* v. *Antisell*, 75 Cal. 512, quoting from *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 382, 38 Am. Rep. 441: "The duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until this is done his right to commissions does not accrue." The broker must be the "efficient agent or procuring cause of the sale." (*McGavock* v. *Woodlief*, 20 How. 221; *Wylie* v. *Marine Nat. Bank*, 61 N. Y. 415.)

Tested by these rules, the foregoing instruction was too broad. As is claimed by appellant, the instruction indicated to the jury that plaintiff was entitled to recover his commissions upon sales: 1. If at the request of the defendant he performed any services which tended to obtain the work; 2. If plaintiff introduced to defendant, or to his manager or superintendent, parties who subsequently ordered work; 3. If the plaintiff by means of his solicitation brought the attention of any parties to the defendant or his manager or superintendent, and, by reason thereof, work was afterward ordered by said parties. The first and second of the foregoing propositions cannot be maintained.

It was not for *any services which tended to obtain work* that the plaintiff was entitled to commissions, but for such services as constituted the proximate and efficient or procuring cause of the work being ordered.

In the case of *Zeimer* v. *Antisell*, *supra*, the plaintiff, a broker, had performed *some services* which tended to bring about the sale. He had taken Levy, the subsequent purchaser, to see the property, etc., but, as nothing

more was done until plaintiff's authority ceased, this was held insufficient. The second proposition is still more open to objection.

It clearly stated to the jury, as law applicable to the case, that if plaintiff introduced to defendant, his manager, or superintendent, parties who subsequently ordered work, he would be entitled to a commission thereon.

The instruction isolates the fact of an introduction from all idea of any other duty on the part of plaintiff, and without reference to its object or the surrounding circumstances makes it the prime factor in the problem, provided always the party or parties so introduced should at any future time and under any circumstances order work from the defendant. The remainder of the instruction, although proper, being connected with the portions indicated, disjunctively, in nowise qualifies the objectionable part.

We find nothing in the other instructions given calculated to dispel the effect of the error complained of. The sixth instruction, asked by the defendant and refused, was objectionable on account of the last clause therein consisting of the words "without the intervention or aid of any other essential matter, thing, or influence." Aside from such last clause the instruction contained a correct and clear exposition of the law applicable to the case.

For the error indicated we recommend that the judgment and order appealed from be reversed and a new trial ordered.

BRITT, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and a new trial ordered.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.