ALBERT W. DRESSER v. SAMUEL R. GILBERT.

Submitted March 23, 1911—Decided June 7, 1911.

Where a written contract provides that an agent engaged by the owner to sell a farm shall be entitled to his commission upon the sale of the farm by the agent, the owner or any other person, the agent is entitled to receive the stipulated compensation upon the sale of the farm by the owner.

---

On *certiorari* to remove judgment of the Burlington Common Pleas.

Before Justices SWAYZE, BERGEN and MINTURN.

For the plaintiff, *Ernest Watts.*

For the defendant, *George M. Hillman.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff and defendant entered into a written contract on September 26th, 1908, whereby the defendant, as owner of a farm in Springfield township, in the county of Burlington, in this state, authorized the plaintiff to sell it for the sum of $3,100, free and clear and to deliver a warranty deed therefor to the purchaser. The agreement contained this further provision:

"I agree to pay said agent one hundred dollars commission

or all above $3,000 for selling said property upon sale thereof by him, me, or any other person, commission not to be less than $100 on any price accepted by the owner."

The defendant reserved the right, in the agreement, to cancel it on thirty days' notice in writing.

It is stipulated between the parties that in pursuance of the agreement the plaintiff diligently advertised the farm for sale and expended money to that end, and also expended his time in showing the place to prospective purchasers.

The return of the Court of Common Pleas to a rule alleging diminution of the record substantially presents the facts in the case.

The plaintiff did not succeed in obtaining a purchaser, but the defendant never took advantage of the thirty-day clause in the agreement giving him the right to cancel. He succeeded, however, in obtaining a purchaser, and sold the farm himself for the sum of $3,100 to one Broughton, who had taken possession of the place at the time this suit was instituted. The suit was brought to recover the sum of $100, the commission stipulated in the agreement, and these facts having been proved at the trial, and the defendant having offered no testimony, the trial court directed the jury to find a verdict for the defendant. The learned trial judge based his direction upon the well-settled principle of law, that in order to recover the plaintiff must show a substantial performance of his agreement by producing a purchaser ready and willing to take the farm upon the terms of the contract.

Such, undoubtedly, is the general doctrine where the parties themselves have not contracted otherwise, but it is a doctrine of public policy intended to effectuate justice between the parties, and is not intended to unmake an agreement which they have deliberately executed and which fixes the terms and conditions upon which compensation shall be made.

The case of *Hinds* v. *Henry, 7 Vroom* 328, is authority not only for the general rule of law governing such cases in the absence of a distinct agreement, but enunciates the law applicable to the case at bar. Mr. Justice Depue, speaking for this court, there says:

"The broker may also by special agreement with his principal so. contract as to make his compensation dependent on a contingency which his efforts cannot control, even though it relate to the acts of his principal. A contract of that kind is binding and no action can be maintained until the contingency has arisen."

Citing, *inter alia, Tombs* v. *Alexander,* 101 *Mass.* 255, and *Walker* v. *Tirrell, Id.* 257.

The defendant chose to bind himself to pay the stipulated commission upon the happening of a sale, not by the plaintiff alone, but by himself or any other person. He thus fixed the sale of the property, in the absence of a prior cancellation of the contract, as the contingency upon which the plaintiff's right to payment would accrue. This contingency, of course, happened when the defendant himself sold the farm and the plaintiff then became entitled to his commission.

The judgment of the Common Pleas will, therefore, be reversed.