JOHN MacBRIDE v. PETER F. ROGERS.

Submitted July 5, 1912—Decided November 18, 1912.

The essential facts in this case call for the application of the rule laid down in *Payne* v. *Twitchell,* 52 *Vroom* 193.

---

On appeal from the District Court of Hoboken.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *G. Rowland Munroe.*

For the defendant, *August W. Rosinger.*

The opinion of the court was delivered by

MINTURN, J.  In reply to an inquiry by the plaintiff, a real estate agent, the defendant indited the following reply:

                    "KEARNY, N. J., Jan'y 27, 1910.

*"Mr. John MacBride, 95 Roseville Avenue, Newark, N. J.:*

"DEAR SIR—Replying to your note of 17th relating to property at 557 and 559 Orange street, Newark, N. J., would state that I am prepared to receive an offer for same, and if satisfactory, would sell.

"If you secure a purchaser, at a price which I consider proper, I will allow the usual commission of 2½ per cent.
                    "Very respectfully,
                              "PETER F. ROGERS."


Thereafter the plaintiff procured a purchaser for the property, at the price of $12,000, which was the figure agreed upon between plaintiff and defendant, but the defendant declined to accept the purchaser upon the ground that he, the defendant, had sold the property two weeks prior thereto, for practically the same figure, and upon the same terms.  The plaintiff instituted this suit to recover the commissions due by reason of his proposed sale; and the District Court rendered judgment in his favor.  To reach that conclusion the court must have found the facts substantially as detailed by the plaintiff, and as herein narrated; and we are concluded by that finding, where there is testimony to support it.

The oral testimony was of a conflicting character, but in essentials the plaintiff's case was that of an agent who, upon written authorization, by the owner, had procured a purchaser able and willing to purchase, upon the terms proposed, so, that upon the well-settled rule governing such a *status*, the plaintiff became entitled to his compensation. *Hinds* v. *Henry,* 7 *Vroom* 328; *Ryer* v. *Turkel,* 46 *Id.* 677.

In other respects the facts presented in this case are in essence similar to those presented in *Payne* v. *Twitchell,* 52 *Vroom* 193, where this court sustained a judgment in favor of the agent, and held that one who has agreed in writing to pay another a commission for securing a buyer for his land, cannot escape paying the agreed compensation, by the mere fact that he had conveyed the land before the commission was earned.

To the same effect is *Dresser* v. *Gilbert,* 52 *Vroom* 358.

In so far as it is attempted to differentiate the two cases, upon the facts alleged to be wanting in this case, it must suffice to say that the trial court, upon what it considered sufficient testimony, found that the necessary facts existed in the proof, and we are not called upon to weigh the sufficiency of that proof.

Our examination of the other questions raised during the trial of the case has led us to conclude that upon the whole the judgment should be affirmed.