[S. F. No. 7040. In Bank.—August 1, 1917.]

## H. C. CAMERON, Appellant, v. ANNIE L. AYRES, Respondent.

BROKER'S COMMISSIONS — NEGOTIATION OF LOAN — WHEN EARNED.—A broker employed to procure a loan on real property must show that he was the efficient cause of obtaining the loan in order to recover his commission, and where the loan was obtained by a third party, the broker's testimony that such party was his agent is entitled to no weight, being but the conclusion of the witness.

ID.—PAROL EVIDENCE.—Under a written contract providing that if a broker would negotiate a loan for the owner of a lot, the latter would erect a building thereon and employ the broker as superintendent of construction and pay him ten per cent of the cost of construction for his services, the broker cannot modify the terms of the contract by parol testimony that he told the owner that she would also have to pay a commission for the procuring of the loan and that she assented thereto.

ID.—NEGOTIATION OF LOAN—WHEN UNCONSUMMATED.—An unconsummated loan is not "negotiated" simply when the broker as negotiating agent shows that he has found a lender ready and willing to advance the money, as he must also show that the lender has the ability to make the advancement.

ID.—NONACCEPTANCE OF LOAN—RIGHT OF OWNER.—An owner is not in default under a contract authorizing the negotiation of a loan on her property where the loan obtained was upon the condition that the owner should raise an additional sum.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Daniel A. Ryan, for Appellant.

Thomas C. Huxley, and Clarence Crowell, for Respondent.

HENSHAW, J.—Plaintiff's complaint is founded on the following contract:

"Oakland, Cal., June 21, 1913.
"Mr. H. C. Cameron,
    "4812 Webster St.,
        "Oakland, Calif.

"Dear Sir: If you will negotiate a loan for me of not less than sufficient to erect building, or a lesser sum if hereafter consented to by me, giving as security my lot of land situate on the northwest corner of Fourteenth and Oak Streets, Oakland, California (150x116), I agree to erect a building on said land, using therefor all of said money so borrowed, and I further agree to employ you as Superintendent of the construction of said building, and to pay you for your services ten (10%) per cent of the cost of construction, and payable to you as follows: Estimates of cost of construction shall be made semi-monthly and your ten per cent estimated from

that and to become then payable. I agree to commence said construction as soon after said loan is made as possible, and to continue said construction until completion.

"Respectfully,

"ANNIE L. AYRES,

"By ROWYEN B. AYRES,

"Her Attorney in Fact.

"Accepted by H. C. CAMERON."

He pleads that he negotiated and secured a loan for defendant in the sum of sixty thousand dollars, which defendant agreed to accept and which thereafter she refused to accept. So refusing, she failed and neglected to construct the building referred to in the contract. Plaintiff avers the due performance by him of his part of the contract and his willingness and ability to superintend the construction of the building, and for defendant's breach of the contract lays his damages in the sum of seven thousand five hundred dollars.

Upon the conclusion of the taking of the evidence of plaintiff, defendant moved for a nonsuit and her motion was granted. From the judgment which followed this appeal has been taken. The facts developed are that defendant made a written application to the Western Mortgage & Guaranty Company for a loan of sixty thousand dollars, stating the terms upon which she desired the loan. The executive committee of the Mortgage & Guaranty Company did not grant the loan upon defendant's proffered terms, but offered to make a loan of sixty thousand dollars upon the real property described in the contract, provided that defendant added twenty thousand dollars to this sixty thousand dollars and would erect a building at a cost of eighty thousand dollars, repaying the mortgage loan in named amounts at stated intervals. Plaintiff's testimony in relation to what followed this counter offer of the Mortgage & Guaranty Company is that he held a conversation with defendant's authorized agent asking him if he was "going ahead with the building or not. He said, 'I have lost the loan,' I said, 'Why, what is the matter?' 'Well,' he said, 'they took it away from me because I could not live up to their conditions.' I said, 'Well, what were they? They did not give you any impossible conditions.' He said, 'Well, I could not get the balance of the money.' "

The evidence concerning plaintiff's activities in securing a lender and a loan discloses that he did no more than go to the brokerage firm of McDonald & Co. and tell them that he had a client who desired to borrow money on the security of the property mentioned in the contract. Plaintiff further states as his conclusion that McDonald & Co. thus became and continued to be his "agents." Yet the further evidence, and most of it from the lips of plaintiff, is that he did nothing more and knew nothing more of the matter saving that vaguely he knew that defendant had applied for a loan. The facts are that defendant made written application for the loan, as has been said, after entering into a written contract with McDonald & Co., to pay them five per cent upon the amount of the loan secured for their services as brokers. This written agreement between McDonald & Co. and the defendant was signed in the presence of the plaintiff who says that he protested against it only upon the ground that the amount of brokerage was excessive. In explanation of the fact that he considered McDonald & Co. his agents, he states that at the time he started to work on the matter of the loan he told defendant, "You will have to pay a broker's commission besides mine," and the answer was, "That is all right."

Without consideration of the omissions and uncertainties in this contract the nonsuit was properly ordered upon three distinct grounds.

1. Because plaintiff's contract called upon him to negotiate the loan for the defendant and the evidence fails utterly to show that he did so negotiate the loan. Charged with such a duty, to measure up to the performance of his contract the agent or broker must show that he was the efficient cause of obtaining the loan. (*Ayres* v. *Thomas*, 116 Cal. 140, [47 Pac. 1013].) Here it appears that the efficient agent was McDonald & Co. True it is that plaintiff says McDonald & Co. were his agents, but this is entitled to no weight as being but the conclusion of the witness. True it is, also, that he testified further that he said to defendant that she would have to pay a commission, but here he seeks to modify by parol the terms of his written contract wherein no commission was contemplated.

2. An unconsummated loan is not "negotiated" simply when the broker, as negotiating agent, shows that he has found

a lender ready and willing to advance the money. He must show also that the lender was able to advance the money and there is no proof whatsoever upon this matter. (*Gunn* v. *Bank of California,* 99 Cal. 349, [33 Pac. 1105]; *Mattingly* v. *Pennie,* 105 Cal. 514, [45 Am. St. Rep. 87, 39 Pac. 200].)

3. The evidence fails to show either an acceptance of the loan by defendant or circumstances amounting to a breach of her contract putting her in default for refusing to accept the loan. This is so because the proffered loan was upon condition that she raise a large additional sum of money to be expended in the construction of the building. She may have been willing to accept the loan. She may have been desirous of securing and using the additional twenty thousand dollars, but manifestly the conditions attached to the offered loan of sixty thousand dollars were such that her so-called acceptance of it was necessarily tentative and conditional upon her own ability to raise the additional money, and therefore it is not shown that she was in any wise in default in having finally declined to proceed with the matter.

For these reasons the judgment appealed from is affirmed.

Melvin, J., Shaw, J., Sloss, J., and Lawlor, J., concurred.