[Civ. No. 3540. First Appellate District, Division One.—November 9, 1920.]

## SECONDO ALCIATTI et al., Copartners, etc., Respondents, v. ANTONIA ORIGLIA, Appellant.

[1] SALE—QUANTITY OF WINE—STATUTE OF FRAUDS.—In view of the provisions of sections 1624 and 1739 of the Civil Code, a sale of a quantity of wine of a value of many times in excess of two hundred dollars was void, where no agreement for the sale or any note or memorandum thereof was in writing or subscribed by the owner or by her agent, and the buyers never received or accepted any part of the wine nor paid any part of the purchase price.

[2] BROKER'S COMMISSIONS — SALE OF WINE — EVIDENCE — ACKNOWLEDGMENT OF OWNER.—An acknowledgment that a broker authorized to make a sale of wine had earned his commission was of little or no importance in determining the fact, where other uncontroverted facts and circumstances showed that the sale had not been made. (Opinion of supreme court in denying hearing.)

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Reversed.

The facts are stated in the opinion of the court.

William H. Johnson for Appellant.

Albert Picard for Respondents.

WASTE, P. J.—The plaintiffs brought this action to recover for the alleged breach of a contract to sell a quantity of wine and for the commission claimed to be due for the sale of the same. They recovered a general judgment, based upon both counts, and the defendant appeals.

The defendant, a wine grower, signed and delivered to U. Grossini a paper reading as follows:

"Morgan Hill, Cal., Dec. 2nd, 1918, I have this day agree to allow U. Grossini, wine broker, to sell my wine of about 35,000 gallons of red wine, for the price of 50 cents per gallon F. O. B. station Morgan Hill, Cal. this option to run 10 day from date; also white wine of about 4000 gallons, 2½c commission.

"(Signed)    ANTONIA ORIGLIA."

At the same time she gave Grossini samples of the wine, which he submitted to several parties including the plaintiffs. The samples were satisfactory and the plaintiffs prepared a form of contract, in duplicate, for the defendant to sign, which they gave to Grossini together with a check for $1000, payable to Mrs. Origlia, as a deposit on the purchase price. The agreement, as prepared by the plaintiffs, specified that the defendant agreed to and did sell to plaintiffs thirty-two to thirty-three thousand gallons of red wine, and three thousand eight hundred gallons of white wine, as per "samples furnished by A. Grossini, Broker, and the price is fixed at 50c a gallon F. O. B. Morgan Hill, Calif.," the plaintiffs agreeing "to pay for the wine bought, as soon as same is delivered," deducting from the total the deposit of $1000, and to accomplish the withdrawal of the wine from the defendant's winery not later than the middle of March next succeeding.

Grossini did not enter into any contract on the part of his principal, or in her name. He told the plaintiffs that it was "necessary to get her signature," and sent the proposed agreement, and check for the deposit, to the defendant by mail, with a letter in which he stated that he hoped that it "will be satisfactory." She returned them to him four or

five days later, with a letter in which she stated that while she was willing to sell at the price stated, it was not convenient for her to keep the wine until March and insure it until that time; that she needed money and desired the purchaser to pay for the wine at once. She accordingly refused to execute the contract. A representative of the plaintiffs and Grossini visited the defendant, and attempted to come to some agreement with her for the purchase of the wine upon terms which would be satisfactory. The defendant demanded cash in advance upon making the sale, and refused to sell upon any other terms. The plaintiffs, after demanding that the defendant fulfill an alleged sale to them, took an assignment from Grossini of his claim for commissions for making the sale, and brought this action with the result already noted.

[1] In support of their claim for damages for breach of the alleged contract of sale, the plaintiffs, who are the respondents here, take the position that a sale was actually made by Mrs. Origlia to them, and that it was accomplished by and through Grossini. In both of these contentions the respondents are mistaken. The value of the wine was many times in excess of $200, and no agreement for the sale, or any note or memorandum thereof, was in writing, or subscribed by Mrs. Origlia or by Grossini, assuming that he was appellant's agent for that purpose. The respondents never received or accepted any part of the thing sold, and they paid no part of the purchase price. Consequently the purported sale was void. (Civ. Code, secs. 1624 and 1739.) The respondents argue that part of the purchase price for the wine was paid. That is not so. Neither Mrs. Origlia nor Grossini regarded the latter's agency as authorizing him to do anything more than find a purchaser for the wine at the price fixed by the writing, on terms to be determined by Mrs. Origlia. The evidence established that fact very clearly. Grossini's action in sending the contemplated agreement, for the sale of the wine, to Mrs. Origlia for her execution, and her rejection of the offer upon the ground that the terms were not satisfactory, are in accord with such understanding. During the subsequent negotiations, the appellant wrote Grossini that she had given him an option of ten days within which to sell her wine, ''reserving the condition that when you have found a buyer you

would have come up and established the terms." The conduct of all the parties to the transaction indicates that the whole matter of the sale of the wine rested in treaty with Mrs. Origlia, and that she never accepted the proffered terms. The mere fact, therefore, that Grossini took from the respondents the check for $1000 and sent it on to Mrs. Origlia, who promptly returned it, did not constitute a payment of a part of the purchase price under the circumstances established by the evidence. The finding of the trial court, that the plaintiffs and defendant entered into a contract for the sale of the wine, is, therefore, unsupported, and the judgment must be reversed.

In anticipation of another trial of the case, we deem it expedient to consider the other point made by the appellant. The lower court found that the defendant was indebted to Grossini in the sum of $450, for services rendered in procuring the sale of certain wine. This finding can only be responsive to the claim that Grossini earned that sum in bringing the parties together in the manner already shown. Unless the finding rests upon certain statements made by the appellant during the negotiations between the parties, it has no support in the evidence. The duty assumed by Grossini, in the matter, was to bring the minds of Mrs. Origlia and the intending buyers of the wine to an agreement for a sale, and the price and terms on which it was to be made. Until this was done his right to a commission did not accrue. (*Ayres* v. *Thomas,* 116 Cal. 140, 144, [47 Pac. 1013]; *Shanklin* v. *Hall,* 100 Cal. 26, 29, [34 Pac. 636]; *Zeimer* v. *Antisell,* 75 Cal. 509, 512, [17 Pac. 642].) Grossini did not accomplish that end. There is evidence in the record to the effect, however, that while the parties were endeavoring to reach an agreement as to the terms of payment for the wine, Mrs. Origlia acknowledged that Grossini had earned his commission, and that she would pay it, but that she would not sell at that time. If that declaration is to be construed as an acknowledgment that Grossini had completed his part in the transaction, the appellant became liable to pay Grossini the stipulated sum for his services in the matter (*Ayres* v. *Thomas, supra*), and the court's finding has meritorious support in the testimony. Our observation in this particular is called forth by the fact

that appellant appears to be an Italian and the translation of her words into English, without further explanation of the conversation, may not have carried her exact meaning. On a retrial the matter should be more explicitly examined into.

The judgment is reversed.

Richards, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a rehearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied.

[2] In denying the application we deem it proper to say that we are entirely satisfied with the conclusion of the district court of appeal, as substantially expressed in the opinion, to the effect that there was not sufficient evidence to sustain a conclusion that the right of Grossini to a commission under the terms of the contract had accrued. In other words, the evidence was not sufficient to support a conclusion that he had accomplished the thing which under the terms of the agreement would have entitled him to a commission. An acknowledgment by Mrs. Origlia that he had earned his commission would, of course, be entitled to consideration as evidence in connection with the other evidence in determining the question of fact, but in this case, in view of the other uncontroverted facts and circumstances, such acknowledgment, even if made, is of little or no importance.

All the Justices concurred.