[Civ. No. 6613. First Appellate District, Division One.—February 28, 1929.]

GALE S. STROUT, Respondent, v. WAYNE TANK & PUMP COMPANY (a Corporation), Appellant.

Lee M. Olds for Appellant.

A. E. Shaw for Respondent.

THE COURT.—An action to recover the balance of a commission claimed by the plaintiff for services rendered to

the defendant, an Indiana corporation, in the sale of an industrial water softener.

The plaintiff was employed by the corporation as its district manager, with the exclusive right to sell in that part of California lying north of the southern boundary lines of Monterey, Fresno, and Mono Counties certain machinery which the corporation manufactures. Under his contract the plaintiff was to be paid as compensation for the sale of industrial water softeners a commission of twenty per cent based on the f. o. b. Fort Wayne, Ind., list prices, it being further agreed that on the company's products sold by other representatives to purchasers located outside the territory of the plaintiff for use within said territory the latter should receive fifty per cent of the above commission.

On or about January 24, 1925, the defendant by a proposal in writing, executed on its behalf by George W. Bonnell at St. Louis, Missouri, and which was directed to "McNamara Plumbing Co., 6236 Delmar avenue, St. Louis, Mo., for O'Connor Sanitarium, San Jose, California," offered to sell one water softener to be located at the O'Connor Sanitarium, which was within the territory of the plaintiff, and to furnish an engineer to superintend the installation and starting of the same. The purchase price of the softener and its equipment was $4,385 f. o. b. the O'Connor Sanitarium at San Jose. Upon the proposal was indorsed an acceptance by the plumbing company, and both were approved by the vice-president of defendant corporation by an indorsement thereon dated February 14, 1925.

It appears without dispute that for some time immediately prior to the above transaction the plaintiff had been negotiating with the authorized agent of the sanitarium, who was then in California, for the sale to the owners of the sanitarium of a water softener of the kind described in the above proposal, and that the agent on behalf of his principals had accepted a proposal made by the plaintiff and agreed to purchase the softener and its equipment at the above price. Said agent testified that Bonnell, who appears to have been an agent for the defendant at St. Louis, had previously attempted to induce the witness to purchase a water softener for the above sanitarium, but without success. It also appears that the plumbing company had submitted to the owners of the sanitarium a bid for the

installation therein of certain plumbing, including the water softener, and that the agent, after accepting the proposal made by the plaintiff, returned to St. Louis. According to his testimony he had intended to deal directly with the defendant for the purchase of the water softener and to have the same installed by the plumbing company. Upon his return to St. Louis, however, it appeared to him to be more convenient to handle the purchase and installation thereof as one transaction. He accordingly delivered to the plumbing company the written proposal received from the plaintiff, instructed them that the order for the softener should be given directly to the plaintiff, and the obligation to furnish as well as to install the softener was included in the contract with the plumbing company.

While this transaction led to the making of the above proposal by the defendant to the plumbing company and its acceptance by the latter, it cannot reasonably be contended from the evidence but that the plaintiff was the procuring cause of the sale.

The latter was credited upon the books of the defendant with but one-half of the commission upon the above sale, but the record fails to disclose that the balance was claimed or paid to any other of its agents. Moreover, no evidence was adduced which tended to show that defendant's agent at St. Louis was not aware of the negotiations between the plaintiff and the owners of the sanitarium.

The trial court found that the sale was made by the plaintiff, and the evidence sufficiently supports its conclusion that, notwithstanding the apparent effect of what passed between the defendant and the plumbing company, the sale was effected through the agency of the plaintiff as the procuring cause. Under such circumstances he was entitled to recover (*Ayres* v. *Thomas,* 116 Cal. 140 [47 Pac. 1013]; *Hill* v. *McCoy,* 1 Cal. App. 159 [81 Pac. 1015]; *Deovletian* v. *Whitney,* 55 Cal. App. 76 [202 Pac. 905]), and the judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 30, 1929.