[Civ. No. 7988. First Appellate District, Division Two.—September 15, 1931.]

TOM HUMES, Appellant, v. WINNIFRED E. WALKER, Respondent.

Earl A. Everett, Robert E. Austin and John N. Helmick for Appellant.

Leonard J. Meyberg for Respondent.

STURTEVANT, J.—The plaintiff sued to recover broker's commissions alleged to have been earned in negotiating an exchange of tracts of real estate in Los Angeles County. The defendant answered and the action was heard before the trial court sitting without a jury. The court made findings in favor of the defendant and from the judgment entered thereon the plaintiff has appealed. On the trial of the case the plaintiff was called as a witness in his own behalf and produced a document which he claimed to be the contract of exchange. ■ That document is quite long. It is unnecessary to quote it in full. It consists of an offer by the defendant to exchange her property, describing it, for other property, describing that. Among others, it contains passages as follows: "Unless this offer shall be accepted within five days of the date hereof by the due and legal execution of the acceptance in writing hereinunder appearing, and by the delivery of said executed acceptance to my agent hereinafter named, all within the time aforesaid, this offer shall thereupon immediately be and become revoked, null and void without notice . . . I hereby appoint Tom Humes my agent irrevocably within the time above limited for the written acceptance of this offer to negotiate an acceptance of this offer on the terms and conditions hereinafter specified and on no other terms and conditions . . . " The offer of the defendant was signed by her. That portion

of the instrument was dated June 27, 1927. Below the foregoing document is an acceptance dated Los Angeles, California, July 9, 1927. The acceptance is also quite long. The last paragraph is as follows: "I hereby acknowledge delivery to me of the aforegoing offer to exchange and declare that this exchange agreement is now on my part in full force and effect, *subject to the approval of Seth B. Maupin.*" The acceptance was signed by Anna Gish Kimball and C. G. Kimball. The defendant asserts that the words italicized being added after the defendant had signed and the defendant never consenting to the same constituted a conditional acceptance and therefore no acceptance at all. (Civ. Code, sec. 1585; 6 Cal. Jur., p. 62; *Cameron* v. *Ayres,* 175 Cal. 662, 666 [166 Pac. 801].) After the plaintiff had introduced in evidence the writings above mentioned he also introduced in evidence a part of the escrow instructions which were in the possession of an officer of a local bank. From those instructions he offered in evidence a passage reading as follows: "Pay commission of $2,075 to Tom Humes whose address is 7101 Sunset Boulevard, Hollywood." The trial court thereupon asked plaintiff's attorney if he had any more documentary evidence to offer. The attorney replied that he had not. It had already been stipulated that the proposed exchange was never carried into execution by the parties to the exchange. Under that condition of the record the defendant's attorney objected to the introduction of any further evidence by the plaintiff. The objection was sustained and the court ordered judgment for the defendant. Because there was no absolute acceptance on the part of the Kimballs, we think that the ruling of the trial court was clearly correct. Unquestionably the Kimballs had the right and it was possibly their duty to obtain permission from Mr. Maupin, their lessor, to enter into the contract, but under the clear terms of the written instrument they should have obtained that permission and should have given an unqualified and unconditional written acceptance within five days from June 27, 1927. There is no claim that they did so.

In making its ruling the trial court intimated that in its opinion the documents were so indefinite and uncertain as not to be enforceable. A great deal can be said in that con-

nection, but in view of what has been said above we do not take up a discussion of that subject.

The trial court made findings of fact and conclusions of law. The plaintiff claims that it committed error by so doing. The point may not be sustained (Code Civ. Proc., secs. 590 and 632).

He also contends that some of the findings are too broad and therefore they are not sustained by the evidence. However, he does not claim that finding No. 4 was not sustained by the evidence. That finding is, "That plaintiff did not perform the things necessary on his part to be performed under said contract." As appears above, we think it was sustained by the evidence and was determinative of the case. Conceding that some of the other findings were too broad, the error, if any, was not prejudicial.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 12, 1931.