## COOKE v CORTRIGHT

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18296.   Decided Oct 27, 1941

George E. Beach, Cleveland, for plaintiff-appellant.

Reuben Shapiro, Cleveland, for defendant-appellee.

### OPINION

By SKEEL, J.

This action is an appeal on questions of law from a judgment of the Municipal Court of Cleveland.

The appellant had agreed to purchase a certain motor truck. He had paid $380.00 toward the purchase price. Circumstances changed so that he did not want to carry out the agreement to purchase the truck. It is his claim that the appellee and her husband, co-defendant below, agreed to purchase said truck; that they paid $200.00 down, $100.00 of which was paid to the appellant; and that as a part of the balance of the consideration for such purchase, they were to pay this appellant $130.00 in certain installments. This action was for the recovery of the said $130.00.

The appellee's husband, co-defendant below, failed to plead to the issues and default judgment was entered against him. The action then proceeded against the appellee. The parties waived a trial by jury and upon trial to the court, at the conclusion of the appellant's evidence. the appellee moved for judgment which motion was granted. A motion for new trial was filed within rule and with it a request for separate findings of fact and conclusions of law, as provided by §11421-2 GC. The court overruled the motion for new trial, refused the appellant's request for findings of fact and conclusions of law and judgment was then entered for the appellee.

The sole question presented by this appeal is as to whether or not the court committed reversible error in refusing the appellant's request for findings of fact and conclusions of law.

There is agreement between the parties that the request was seasonably made in the proper form so we come directly to the question as to whether or not, when a case is tried to a court without a jury, where judgment is rendered against the plaintiff upon motion for judgment by the defendant, after plaintiff has introduced all of his evidence. on the issues presented by the pleadings, and rested his case, the court is compelled upon request to set forth in writing his findings of fact and conclusions of law as provided by §11421-2 GC. The defendant contends that it is not reversible error for the

court to refuse to set forth his findings of fact and conclusions of law in such a case.

Sec. 11421-2 GC, provides:

"When questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of exception to the court's decision, upon questions of law involved in the trial. one of the parties so requests, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The reason which is advanced in support of such interpretation of the statute is that in granting the motion of the defendant for judgment before the defendant has been called upon to introduce his evidence, the court does not try questions of fact but simply passes upon the legal sufficiency of the plaintiff's evidence to make out a case, taking such evidence in its most favorable light in the plaintiff's interest. Such interpretation of the statute is not without support.

In the case of Broderius et v Anderson, 103 Pac. 839 (Wash.) the court had before it §5029, Ballinger Annotated Codes & Statutes (Wash) which provides that on the trial of an issue of fact by the court, in giving its decision, the facts found and the conclusions of law shall be separately stated. The court, upon the trial of the case, without the intervention of a jury, entered a non-suit against the plaintiff after he had introduced all of his evidence and rested his case. The court refused to set forth findings of fact and conclusions of law as required by the statute. The Court of Appeals in sustaining the trial court, said:

"The statute does not require findings of fact on the granting of a non-suit; the court deciding not questions of fact but as a matter of law that the plaintiff's evidence treated as uncontradicted, does not entitle him to judgment."

And on page 838 of the opinion, after setting forth the statute, the court said:

"This being a law case and triable by jury, unless trial by the court is consented to, no doubt a judgment granting affirmative relief would need findings of fact made in compliance with this section for its support if proper request therefor be made by either of the parties; but since the judgment of non-suit is based upon the failure of the appellants to prove facts sufficient to entitle them to recover, there are no affirmative facts for the court to find. When the court dismissed the cause upon the grounds of respondent's motion, it did not decide a question of fact, it simply decided as a matter of law that the evidence introduced by appellants, treating it as uncontradicted, did not entitle them to a judgment. * * *. We are of the opinion that unless the judgment is based upon some affirmative fact or facts, findings are unnecessary to its support and the failure of the court to make findings in such case whether requested or not, is not error."

We are of the opinion, however, that where the court must give consideration to the credibility of the witnesses and pass upon the probative value of the plaintiff's evidence in deciding the defendant's motion for judgment, he does in fact try the case. There is a distinction between the judicial process in passing on a demurrer or motion for judgment on the pleadings and opening statement of counsel or on a motion for a directed verdict at the conclusion of plaintiff's case where the case is being tried to a jury and the judicial process in deciding a motion for judgment by the defendant, after plaintiff has rested his case where the court is trying the case without the intervention of a jury. Where the court sustains a demurrer or directs a verdict on the pleadings and the opening statement of counsel, the court must assume that all of the allegations of plaintiff's petition and the statements

416

of counsel are true. All the court does in passing on the motion for judgment is to apply the law to the admitted facts. Where the court is trying the case to a jury, and a motion is made by defendant for a directed verdict after the plaintiff has rested his case, the court, in passing on the motion, must consider the evidence in its most favorable light to the plaintiff's case. The court does not pass on the weight or probative value of the evidence, nor upon the credibility of the witnesses. These are matters that come within the province of the jury.

But to hold that in passing upon a motion of the defendant for judgment, at the conclusion of the plaintiff's case, —where the court is the trier of the facts as well as of questions of law,— the court must accept the plaintiff's evidence at its face value without judging its probative value or giving consideration to the credibility of the witnesses, is to misconceive the judicial process. That the court under these circumstances is a trier of the questions of fact we believe is consistent with the greater weight of the best considered cases.

In Wood v Tary, 124 New York 83-87, the court held that:

"When a complaint is dismissed before the introduction of testimony, it is a determination that the complaint does not state facts sufficient to constitute a cause of action, and in such case a situation is presented which does not come within the perview of that section."

(Code of Civil Procedure §1022; Civil Practice Art §§439, 440).

"Neither does a case, where judgment is rendered on the pleadings." (Eaton v Wells, 82 N. Y. 576).

"But in any and every case triable before a court without a jury, or heard by a referee, if any evidence be presented, a decision stating separately the facts found and the conclusions of law, based thereon, must be made. * * * ."

See also:

Gravenhorst v Turner, 215 App. Div. 617.

Harris v Walker, 3 Pac. (2d) 33. (Dist. Court, Calif.)

The judgment of the Municipal Court is therefore reversed for failure to set forth the court's findings of fact and conclusions of law, upon timely request made therefor by the plaintiff and the case is remanded for further proceedings according to law.

LIEGHLEY, PJ., MORGAN, J., concur.